COLTHARP *v.* COLTHARP.

.4-9343                                    235 S. W. 2d 884

Opinion delivered January 22, 1951.

*Kaneaster Hodges,* for appellant.

*Pickens, Pickens & Ponder,* for appellee.

GEORGE ROSE SMITH, J.    This is an action by the appellant, Elizabeth Jane Coltharp, to obtain a divorce on the ground of desertion.  The chancellor granted the divorce, awarded appellant $35 a month for the support of herself and her minor son, and adjudicated the property rights of the parties.  Upon this appeal the appellant contends that the decree should have been more liberal as to alimony and property rights.

The couple were married in 1946, while Coltharp was a student in college.  They separated about a year later.  Coltharp had been a colonel in the Army Air Forces during the second World War, and after the separation he re-entered the army and served for about eighteen months at a salary of more than $700 a month.  Before the trial, however, he was relieved from active duty, and when the case was tried he was again a student in college, receiving as his only income an allowance of $105 a month under the statute popularly known as the G. I. Bill of Rights.

In these circumstances we think the chancellor's allowance of alimony was as generous as the appellant can fairly demand.  The husband's ability to pay is a foremost consideration in a case of this kind.  *Lewis* v. *Lewis,* 202 Ark. 740, 151 S. W. 2d 998.  The appellant insists that the appellee's potential earning capacity is equal to his military pay, but the record does not support this conclusion. It is a matter of common knowledge that in the military service some young men earned during the war a great deal more than their training would have enabled them to earn in civilian life.  Here the appellee had not even finished his education when the case was tried.  The appellant does not undertake to say in what line of work the appellee is qualified to earn $700 a month—except by re-

turning to the army, which he evidently would not wish to do even if that option were open to him. The appellant is not destitute; she lives in the home of her parents, both of whom are employed. The record as a whole does not convince us that the trial court was wrong in awarding the appellant only a third of the appellee's $105 monthly income.

As to the property settlement, a great deal of conflicting testimony was taken concerning the appellee's financial condition. The preponderance of this evidence supports the view that at the date of trial the appellee's assets consisted of two lots in Texas, an automobile, three life insurance policies in private companies, an expected dividend from a National Service life insurance policy, and a remainder interest in certain lots in Newport, in which his mother has a life estate. The trial court ordered the appellee to convey the Texas realty to the appellant, which has been done. He further ordered that the appellee surrender to the appellant all his insurance policies except the National Service contract, and that he use the dividend from the latter to pay a $150 fee to the appellant's attorney and the rest to the appellant. In announcing his decision the chancellor said: "I have taken all that he has and given it to her, and I am retaining jurisdiction and have already stated that I will open it up for consideration again when he completes his education without your having to show any change in her circumstances and show only that he is making more money." We see no reason to disturb the trial court's distribution of the appellee's property holdings. By statute a wife who obtains a divorce is entitled to a one-third interest in her husband's property, Ark. Stats. 1947, § 34-1214, and here the allowance exceeded that required by the statute.

Two other contentions require only a few words. First, there was objection to some testimony offered by the appellee as to occurrences during the marriage, but this evidence went principally to the question of who was at fault in causing the separation. It had at most a very remote bearing on the issues now before us, and

even if the testimony was incompetent its admission in this chancery case is not shown to have been so prejudicial as to call for a new trial. Second, it is urged that a fee of $150 is not adequate compensation for the services rendered by the appellant's attorney. We think this to be true, but here again the husband's financial condition must be considered. We have sanctioned the trial court's refusal to allow any fee at all when the relative resources of the parties warranted that course. *Zeddy* v. *Zeddy,* 180 Ark. 235, 21 S. W. 2d 157. Here the fee allowed is undoubtedly modest, but it is commensurate with the defendant's ability to pay.

The decree is affirmed, the appellee to pay the costs.

WARD, J., not participating.