WALKER *v.* ELDRIDGE.

4-9608                    243 S. W. 2d 638

Opinion delivered November 26, 1951.

*Robert J. Brown,* for appellant.

GEORGE ROSE SMITH, J. This is a petition by the appellee to obtain custody of his eight-year-old daughter, Sharon. When the parties were divorced in 1944 the child's custody was awarded to the appellant, who has since remarried. After a hearing upon the appellee's petition the chancellor entered an order on May 23, 1951, which directs that the appellee have custody of the child until the end of the school vacation. The order then

recites: "This order is only temporary, and subject to the court's further orders. The court will determine by his own investigation of the surroundings where said child shall be." The chancellor refused to grant an appeal, upon the ground that the order is temporary, and the appellant then asked this court for a writ of certiorari. We elected to treat the application for certiorari as an appeal and took jurisdiction of the cause.

We think the order to be appealable. This is not a mere temporary award of custody pending a trial of the case upon its merits. As far as we can determine from the record, the parties had completed their proof and submitted the matter to the court. On this evidence the chancellor concluded that the appellee should have the child, but the court attempted to condition his decision upon the outcome of an investigation to be made by the chancellor himself. This procedure was erroneous. Not only would it deprive the parties of their right to hear the evidence, to cross-examine the witnesses, and to adduce testimony in rebuttal, but it would also prevent us from reviewing the case upon the same evidence as that considered by the chancellor. As we said in *Weatherton v. Taylor*, 124 Ark. 579, 187 S. W. 450: "The personal knowledge of the chancellor is not judicial knowledge of the court, for there is no way of testing the accuracy of knowledge which rests entirely within the breast of the court." Since the conditional nature of the order cannot be sustained we treat the order as being subject to appeal.

On its merits the court's decision is correct. It does not affirmatively appear that the appellant has ever given her daughter personal care since the divorce in 1944. After that decree Sharon was placed in the home of a couple living in Hot Spring County, the appellee making payments for her upkeep. It next appears that in 1950 Sharon was, with the assistance of a public welfare agency in Pulaski County, placed in a convent in Little Rock. The appellant failed to pay for Sharon's board and room there, even though the appellee was making monthly payments to the appellant for the child's

maintenance. When the superintendent of the convent declined to keep the child any longer the welfare agency arranged for her to be admitted to the Working Mothers' Home, a charitable institution in Little Rock. This was the situation at the time of the trial. The appellant and her present husband were then living in a Little Rock hotel, but neither testified below.

The chancellor was right in concluding that the home of the child's father will be a better environment than the Working Mothers' Home. The appellee has also remarried, and he and his wife have a home in Little Rock. They are both active church workers, and while their house is small we think it a better place for a child than a charitable institution would be. In view of the appellee's limited means he is directed to pay $35 toward the cost of the appellant's brief, but the appellant's motion for an additional attorney's fee and costs is denied. See *Coltharp* v. *Coltharp*, 218 Ark. 215, 235 S. W. 2d 884.

Mr. Justice ROBINSON not participating.