SHIRLEY GRUMLIN v. JAMES GRAY, ET UX

5-4892                                        439 S.W. 2d 290

Opinion Delivered April 14, 1969

*Franklin Wilder* for appellant.

(No brief filed for appellees).

GEORGE ROSE SMITH, Justice. This is a petition filed by the appellant, Shirley Grumlin, against her former husband, the appellee James Gray, by which Mrs.

---

Grumlin seeks to regain the custody of their four children. Three of the children are girls, the oldest now being fourteen years old. The youngest child is a boy of seven. Mrs. Grumlin appeals from an order by which the chancellor refused to disturb an earlier order vesting custody in the father.

Our review of the record convinces us that the preponderance of the testimony is clearly in Mrs. Grumlin's favor. Inasmuch as our decision in this case is not apt to be of marked value as a precedent, no two child custody cases being alike, we shall not attempt to narrate all the facts in detail.

The original divorce decree is not in the record. It appears, however, that the appellant was awarded the divorce in the State of Texas in 1963. The decree vested the custody of all four children in the mother. The father, either then or later on, was directed to pay $25 a week for the support of the children.

After the divorce proceeding the appellant moved to California with the children. For some time she supported the children herself, with practically no assistance from the appellee. In December of 1965, however, the appellant was afflicted with a serious disease and was no longer able to work. She had no recourse except to send the children to their father in Fort Smith, Arkansas, but she explained in a letter to Gray that she was not giving up the children permanently and wanted to have them back if she should regain her health and be able to take care of them.

After the children arrived in Fort Smith the appellee went to the chancellor and obtained an order terminating his obligation to make support payments. In the same order the court, without notice to the mother, vested the custody of the children in the father. We mention the fact that there has apparently never been any judicial finding that Mrs. Grumlin is unfit to have the children in her care.

By 1967 Mrs. Grumlin had married her present hus-
band, had completely recovered from her illness, and had
begun her efforts to regain the children.     For a year
or so she lived in Ohio, but her former husband was not
co-operative either in permitting her to communicate
with the children or in facilitating her efforts to have
them visit her.     Eventually Mr. and Mrs. Grumlin
moved to Fort Smith, where they apparently intend to
make their permanent home.     Upon the record there
can be no serious suggestion that Mrs. Grumlin has
abandoned her children or that her steadfast devotion to
them has wavered.

At the hearing in the court below the proof indicated
that it is to the best interest of the children that their
custody be transferred to their mother.     The children
have not fared too well while they have lived with their
father and his present wife.     The home is cramped for
space.     Both Mr. and Mrs. Gray are employed.     The
four youngsters are looked after during the day by the
present Mrs. Gray's two children by a former marriage,
neither of whom seems to be an ideal person to stay with
the young Grays.     The Gray children are also decidedly
in need of dental care, one of them having eleven cavi-
ties in her teeth at the time of the hearing.

Mrs. Grumlin lives with her mother in a home that
appears to be a desirable place for the children to live.
At the time of the trial Mrs. Grumlin was not working
and was free to look after the children during the day.
Grumlin is employed and is able to support his wife's
family.     The couple attend church regularly.

We are convinced by the record before us, as we
said at the beginning, that custody should be vested in
the mother.     It should be added that in reviewing the
case we have been greatly handicapped by having no
information about the reasoning that led the chancellor
to deny Mrs. Grumlin's petition.     The chancellor stated
his ultimate conclusions in a letter-opinion to counsel,

638

but he did not detail the factual basis for his decision. He did say—and this is perhaps a clue to his thinking—that he had talked with the children privately in chambers and had reviewed a Welfare Department report, which is not in the record. We can attach no weight, however, to undisclosed information that rests only in the breast of the trial judge. The difficulty is not only that the litigants have no opportunity to rebut such matters, but also that it is impossible for this court to review a case on any basis except the evidence in the record. *Walker* v. *Eldridge,* 219 Ark. 594, 243 S.W. 2d 638 (1951).

The decree must be reversed and the cause remanded for the entry of a decree vesting custody of the four children in Mrs. Grumlin, with reasonable visitation privileges in Mr. Gray, and for such further proceedings as may be appropriate.

JONES, J., dissents.