Roger GRAHAM *v.* Charles L. DANIELS,
Director of Labor, and CARGILL, Inc.

CA 79-374                                            601 S.W. 2d 229
Court of Appeals of Arkansas
Opinion delivered June 18, 1980
Released for publication July 8, 1980

*Truman H. Smith*, for appellant.

*Thelma Lorenzo*, for appellees.

STEELE HAYS, Judge. This is an unemployment compensation case. Claimant, Roger Graham, was employed by Cargill, Inc. to catch chickens in one of the floor houses owned by the employer. In August of 1979, claimant was suffering from asthma and bronchitis. His treating physician recommended that claimant be transferred to another area of employment so that he would not be exposed to extensive amounts of dust and dirt. Claimant's employer changed his job assignment, and he moved from a job in the floor house to one in the plant. Still, claimant's condition did not seem to improve. In a letter to the Board of Review, claimant stated that he coughed constantly. Claimant was then offered his former job catching chickens in one of the floor houses. Claimant accepted this work, although his doctor had advised against working in the floor houses until his condition improved. He worked at his former position from August 31 until September 11, 1979. Then, for two days, he did not go to work. On September 14, 1979, he went back to work but without a doctor's sanction. Stating that he could no longer work in the floor house claimant quit his employment. His supervisor then took him home.

The Agency determined that claimant should be disqualified under Section 5(b)(1) of the Arkansas Employment Security Law which provides for disqualification for claimants discharged from their last work for misconduct connected with the work. The Appeals Tribunal modified the determination of the Agency, stating that claimant was disqualified for unemployment benefits under Section 5(a) of the Arkansas Employment Security Law which provides a disqualification for claimants who have quit their last work without good cause connected with the work. However, this section also provides that no claimant shall be disqualified because of voluntarily leaving due to illness if he made reasonable efforts to preserve his job rights prior to quitting. Nevertheless, the Appeals Tribunal found that claimant fail-

ed to preserve his job rights before quitting, since he did not request another job. The Board of Review affirmed the finding of the Appeals Tribunal. Claimant brings this appeal from the Board of Review's decision.

We find that there is no substantial evidence to support the Board of Review's finding that claimant failed to preserve his job rights. Claimant worked in the floor houses until a doctor recommended that he work in another area of employment. He then worked in the plant where his respiratory condition did not improve. Claimant was offered his former job again and although he felt his condition would get worse at his old job, it was still preferable to working in the plant. Claimant worked there as long as he could. We do not believe that Section 5(a) should be interpreted as requiring claimant to request alternative work before he can collect unemployment benefits. Claimant testified that when he went back to the floor house on September 14, he told his supervisor that he could not work at the floor house any longer. His supervisor stated that he had no more jobs available and claimant quit of necessity.

The Employment Security Act is designed to protect the employee from his becoming unemployed through no fault of his own. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978). The Act is remedial in nature and must be liberally construed in order to accomplish its beneficent purpose. *Garrett* v. *Cline*, 257 Ark. 829, 520 S.W. 2d 281 (1975).

In the case at bar, we believe that claimant has become unemployed due to his respiratory disease. We can not hold that Section 5(a) should be so strictly construed as to require claimant to request alternative work when he has already been told that there were no more openings. This point is further supported by the fact that the employer put claimant back in his former position after he expressed dissatisfaction with his job in the plant.

For these reasons, we reverse the decision of the Board of Review.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. Our role is not one of fact finding. The Appeals Tribunal, in a decision affirmed by the Board of Review, determined the claimant is disqualified from benefits under Section 5(a) because he left his last work because of his illness without making reasonable efforts to preserve his job rights.

The employer offered the claimant work in the plant because catching chickens aggravated his asthmatic condition. He worked in the plant two days, didn't like it, and left. The employer allowed claimant to return to chicken-catching. He worked a week and two days and then was absent because of illness for two days. He returned without a doctor's excuse. The doctor's excuse was a requirement of the employer. He did not call in sick nor inform his employer he would not be at work. He testified his doctor told him not to return to the chicken-catching job. He further testified he "didn't like the plant at all." (the plant being the alternative job offered). The employer testified the claimant did not request to go back to the plant the second time. The Referee asked the claimant:

Okay, I'm talking about that day. Did you ask to go back in the plant?

The claimant replied:

. . . and no he's right, I didn't ask nothing about a job in the plant.

The employer further testified:

Ah, I've just got one final comment is the morning that he did leave, and did he come back and he visited with me and ah, you know, we tried to use him in the plant and he just walked out, it was his decision, you know, I've got to get along with those people too. And I said Roger what are you going to do now and he said I'm going to work on my old car and draw my unemployment and I didn't have any other word, I just let it drop at that.

I find substantial evidence to support the Board of Review's determination the claimant is disqualified. This being so, it is our responsibility to affirm the Board's decision. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978).

I respectfully dissent.

I am authorized to state that Chief Judge Wright joins in this dissent.