Mina P. MORSE *v.* Charles L. DANIELS,
Director of Labor, and FRANKE'S, INC.

E 80-138                                  609 S.W. 2d 80

Court of Appeals of Arkansas
Opinion delivered December 10, 1980

MARIAN F. PENIX, Judge. The Claimant was employed as an assistant manager of Franke's Cafeteria. Both of her parents were seriously ill. It became necessary for her to temporarily leave her job to care for them upon their release from the hospital. Claimant informed her employer she would have to quit work in two weeks in order to care for her parents. The day before the two weeks expired she asked if she might have 30 days leave of absence to attend to her parents. Her employer asked if she could insure she would not quit at the end of the 30 days leave. She told him she couldn't be sure because she didn't know what condition her parents would be in at the end of the 30 days. She was awarded benefits by the Agency under Section 5 (a) which determined she left her work voluntarily due to a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification. The employer appealed and the Appeals Tribunal reversed and denied the benefits, stating she left her

last work voluntarily and without good cause connected with the work. The Board of Review affirmed this finding of disqualification for benefits. The Claimant appeals.

In reviewing the record we find the evidence upon which the disqualification is based to be not substantial. The Claimant had two ill parents who needed her care. She introduced a letter from Dr. Robert Taylor which described the physical conditions of the Claimant's parents and which stated they were unable to care for themselves.

Section 5 (a) of the Arkansas Employment Security Law provides:

> . . . Provided no individual shall be disqualified under this subsection if, after making reasonable efforts to preserve his job rights, he left his last work due to a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification. . . .

It is this Court's belief the preceding paragraph was written to take care of just such personal emergency as we have in this case. The Claimant could not with good conscience abandon her parents at such a critical time. She couldn't tell her employer the exact date when her parents would improve to the point when she could return to work. She was honest and candid with her employer. As the facts indicate, she was able to leave her parents alone after three weeks time. She conscientiously sought a 30 days leave of absence. We do not find that to be an unreasonable request. We are remanding this case to the Board of Review to make provisions for the award of benefits.

Reversed and remanded.