Jan BLAYLOCK *v.* William F. EVERETT,
Director of Labor

E 82-147                                    641 S.W.2d 728

Court of Appeals of Arkansas
Opinion delivered November 10, 1982

*Michael G. Pritchard,* Ozark Legal Services, for appellant.

*Bruce H. Bokony,* for appellee.

LAWSON CLONINGER, Judge. The appellant, Jan Blaylock, has appealed a decision of the Arkansas Board of Review which found that appellant was ineligible for unemployment benefits under the provisions of § 4 (c) of the Arkansas Employment Security Act, Ark. Stat. Ann. § 81-1105 (c) (Repl. 1976), in that she was not fully available for work.

Appellant attends nursing assistant school at Springdale Memorial Hospital, and the sole issue addressed in the briefs filed on this appeal is whether she is attending a "State vocational school" as that term is used in the Employment Security Act.

We hold that appellant is not attending a State vocational school and the decision of the Board of Review is affirmed.

Since the Employment Security Act was first enacted by Act 391 of the Acts of 1941, § 4 (c) has basically provided, as it now does, that a worker is unemployed within the meaning of the Act if physically and mentally able to perform suitable work and is available for such work.

By Act 93 of the Acts of 1963 a sentence was added to § 4 (c) of the original Act, which stated:

> Provided, however, that an unemployed individual who is enrolled in a short-term vocational training or retraining course, supported by an appropriation made by the Congress of the United States, to which he was referred by the Employment Security Agency of the State in which he resides shall be considered eligible for work and making a reasonable effort to secure work so long as his attendance and progress in the course are satisfactory and he does not refuse to apply for or accept

suitable work when directed to do so by the Employment Security Agency.

The foregoing provision was deleted by Act 35 of the Acts of 1971, and a provision was added providing that no otherwise eligible worker would be denied benefits by reasons relating to availability for work while in training with the approval of the Administrator of the Employment Security Division. Factors to be considered by the Administrator in granting or denying approval for training are set out in the amendment, and include a necessity that the claimant's skills must be either obsolete or for some other reason such as employment in that labor market is minimal and not likely to improve.

The Employment Security Act was further amended by Act 1083 of the Acts of 1975 (extended session) to provide that:

> Persons who are on layoff and who are attending a State vocational school for the purpose of upgrading or improving their job skills shall be considered available for employment so long as they make reasonable efforts to secure employment; unless, or until, they refuse suitable employment, or referral or recall to suitable work.

We are not persuaded that the legislature intended that the scope of the phrase "State vocational school," as used in the 1975 amendment, be interpreted, as argued by the appellant, to include any vocational school within the state attended for the purpose of upgrading or improving the worker's job skills. We believe, and hold, that it was intended to include only the state-sponsored, tax-supported, vocational schools provided for by Ark. Stat. Ann. § 80-2502 (Repl. 1980) which states that "within each of the . . . districts there shall be established two (2) vocational schools, each to be known as a State school of vocational education." Training in any other institution would require the prior approval of the Administrator of the Employment Security Division.

The decision of the Board of Review is affirmed.

COOPER and GLAZE, JJ., concur.

JAMES R. COOPER, Judge, concurring. I concur in the result reached by the majority opinion, but only because the appellant failed to prove that the course of study which she was taking at Springdale Memorial Hospital was approved by the State Board of Vocational Education. I believe that the term "State vocational school" is to be liberally construed in order to accomplish the beneficial purposes of the Arkansas Employment Security Law. Ark. Stat. Ann. § 81-1101 (Repl. 1976); Ark. Stat. Ann. § 81-1102 (Supp. 1981); *Graham* v. *Daniels,* 269 Ark. 774, 601 S.W.2d 229 (Ark. App. 1980).

The majority construes the term "State vocational school" too narrowly, in my view. I would hold that a person is attending a "State vocational school" whenever that person is enrolled in a course of study approved by the State Board of Vocational Education. The State Board of Vocational Education has the authority to:

(1) establish two (2) vocational schools in each district, Ark. Stat. Ann. § 80-2502 (Repl. 1980);
(2) establish or designate one or more Area Vocational-Technical and Adult Education Schools, Ark. Stat. Ann. § 80-2559 (Repl. 1980);
(3) establish branches of Area Vocational-Technical and Adult Education Schools, Ark. Stat. Ann. § 80-2560.1 (Repl. 1980); and
(4) establish special vocational-technical instruction at public schools or in other facilities, Ark. Stat. Ann. § 80-2560.1 (Repl. 1980).

Under the majority opinion, a person attending a vocational school under subsection one would not be required to obtain the Employment Security Division Administrator's approval, in order to obtain unemployment benefits. However, in order to obtain benefits, a person would have to have approval of his course of study by the Administrator if his particular program fell under subsections two, three, or four. The course of study being pursued is what is significant, rather than the location at which that course of study is taught. It is only when the State Board of

Vocational Education has not approved a course of study, that approval of the Administrator is required, and then the factors which are to be considered by the Administrator are enumerated in the statute.

I am authorized to state that Judge Glaze joins in this concurring opinion.