Dewey STILES, Director of Labor, and
SEARS PORTRAIT STUDIO
*v.* Nora HOPKINS

83-307                                    666 S.W.2d 703

Supreme Court of Arkansas
Opinion delivered April 9, 1984

*Thelma Lorenzo,* for appellant.

*Murry L. Grider,* for appellee.

STEELE HAYS, Justice. This is an appeal of a claim for unemployment benefits under the Arkansas Employment Security Law. The Appeal Tribunal denied the claim under Section 5 (a) of the Act [Ark. Stat. Ann. § 81-1106 (a)], which disqualifies a claimant who voluntarily leaves employment without good cause connected with the work. The Appeal Tribunal found that the claimant, who was receiving benefits from earlier employment, did not have good cause to quit subsequent part-time work at Sears Portrait Studio. The Board of Review affirmed.

The claimant was represented by retained counsel both before the Board of Review and on appeal to the Court of Appeals, where her attorney prepared and filed an abstract and brief as in non-ESD cases.

The Court of Appeals affirmed the Board of Review on the finding that claimant had quit her job without good cause, but reversed and remanded the case for an award of benefits on an issue the Director of Labor submits was not raised by either side at any stage in the proceedings. We granted the Director's petition for review to determine whether the point was presented and, hence, properly decided by the Court of Appeals.

After deciding the first issue, i.e. whether the Board of Review had substantial evidence to find the claimant did not have good cause to leave her job at Sears Studio, the Court of Appeals considered what it termed a "second issue raised by the appeal," i.e. whether an individual who is already receiving benefits attributable to prior full-time employment becomes disqualified because he or she voluntarily quits after-acquired, part-time work. The first issue is dealt with under Ark. Stat. Ann. § 81-1106 (a), and is a common point of dispute in ESD cases, but the second issue, which the Court of Appeals recognized as one of first impression in Arkansas, involves other sections of the act, § 81-1104 (c) and § 81-1103 (m), dealing with the effect of part-time work on entitlement to benefits.

We have no hesitancy in declaring that the second issue is not raised in any discernible fashion in the brief of either party, nor do we find anything in the abstract or, for that matter, in the record itself which suggests that this question was considered or argued by the parties either below or on appeal. The only issue discussed in the briefs is whether the claimant had good cause to quit her part-time work. We are left to conclude that the second issue, one we think may have far reaching consequences, has not been properly presented and should not have been decided without being fully developed. *Little Rock Road Machinery Co.* v. *Jackson County,* 233 Ark. 53, 342 S.W.2d 407 (1961); *Palmer* v. *Cline, 254 Ark. 393, 494 S.W.2d 112 (1973); First Pyramid Life Insurance Company of America* v. *Reed, et al,* 247 Ark. 1003, 449 S.W.2d 178 (1970). In *City of Ft. Smith* v. *Daniels, Director of Labor,* 269 Ark. 617, 599 S.W.2d 750 (Ark. App. 1980) the Court of Appeals rejected arguments raised for the first time in the Court of Appeals;

> It is settled law that an appellate court will not consider questions raised for the first time on appeal. Issues are resolved upon a record that is properly constructed at the trial level; and the appellant has the duty, unless the appellee deems the transcript deficient, to tender a record containing all of the evidence relevant to his case. (Citations omitted.)

Nor do we think the two issues are essentially one, so that a claimant merely by arguing that there was good cause to leave part-time employment raises the contention, entirely by implication, that the legislature had in mind only "full-time work" when it drafted § 81-1106 (a) to state that one who "voluntarily and without good cause connected with the work, left his *last work*" (our italics) is disqualified for benefits. The Court of Appeals has cited decisions from other jurisdictions applying that construction where similar wording is found in employment security statutes[1]. However, we make no attempt to decide whether

---

[1] *Tomlin* v. *California Unemployment Ins. Appeals,* 82 Cal. App. 3d 642, 147 Cal. Rptr. 403 (1978); *Gilbert* v. *Hanlon,* 214 Neb. 676, 335 N.W.2d 548 (1983), and *Unemployment Comp. Board of Review* v. *Fabric,* 24 Pa. Commw. 238, 354 A.2d 905 (1976).

that interpretation is sound because it is certain the issue was not considered even remotely by the Board of Review or by the parties. The question should not be decided apart from the traditional methods of litigation, but by adversary proceedings at the trial and appellate levels after fair notice of the issues raised. It would be fundamentally unfair to one litigant to reverse and dispose of a case on appeal on arguments which have not been developed in the lower court, nor argued and briefed in the appellate court. *Grumlin* v. *Gray,* 246 Ark. 635, 439 S.W.2d 290 (1969); *Walker* v. *Eldridge,* 219 Ark. 594, 243 S.W.2d 638 (1951).

Reversed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Appellee was receiving extended unemployment benefits when she accepted a part-time job with Sears Portrait Studio. The part-time job did not disqualify her from continuing to receive unemployment benefits except for a reduction in benefits for two weeks in which she worked more hours than usual. She could receive up to $38.00 from earned wages before her benefits would be reduced. Her hours had been reduced to seven hours a week for which she was paid $20.65. The hours were arranged to require her to work three hours on Monday and two hours on each of two evenings. She lived ten miles from work and had to hire a babysitter the two nights she worked. In terminating her employment she stated she was not getting enough hours to pay for driving to and from work and paying the babysitter. Had she continued her employment at seven hours a week she would have still been entitled to her full unemployment benefits. The sole reason she was denied continued benefits was because she voluntarily quit the part-time job. In her petition to the Appeals Tribunal she said: "I am appealing this decision because I feel I had just cause to quit as it was costing me more money to drive to this part-time job than I was making."

The question is whether the issue of eligibility was properly considered by the Court of Appeals. I think the

issue is so intricately interwoven with the disqualification issue that the two cannot be separated. The claimant's reason for appealing was that she had been disqualified from receiving continued benefits. Had the Division allowed her to continue receiving benefits, as it had during her employment at Sears, she obviously would not have appealed. Her only complaint and the reason for her appeal is the fact that she was ruled ineligible for unemployment benefits because she voluntarily quit her last job. Although she claimed justification for leaving the job, the real issue to her was denial of benefits. It would have made no difference to her whether she had just cause to quit the job or not if she had continued to receive unemployment compensation. Therefore, I think the Court of Appeals was correct in deciding the issue of continued benefits.

Other jurisdictions considering this question have held that voluntarily leaving a part-time job without just cause related to the work is not sufficient cause to disqualify an employee from receiving benefits which were accrued by reason of prior full-time employment. *Tomlin* v. *California Unemployment Ins. Appeals,* 82 Cal. App. 3d 642, 147 Cal. Rptr. 403 (1978); *Gilbert* v. *Hanlon,* 214 Neb. 676, 335 N.W.2d 548 (1983); *Unemployment Compensation Board of Review* v. *Fabric,* 24 Pa. C. 238, 354 A.2d 905 (1976); and *Neese* v. *Sizzler Family Steak House,* 404 So. 2d 371 (Fla. 1981).

If benefits are denied by reason of leaving part-time employment, it is likely to discourage unemployed persons from accepting such jobs. Such employment should be encouraged in order to reduce unemployment and preserve the funds from which benefits are paid. Arkansas courts have held that voluntarily leaving full-time employment without just cause connected with the employment is not necessarily disqualifying if the reason for leaving is a justifiable personal emergency or illness. *Morse* v. *Daniels, Director,* 271 Ark. 402, 609 S.W.2d 80 (Ark. App. 1980); *Graham* v. *Daniels,* 269 Ark. 774, 601 S.W.2d 229 (Ark. App. 1980). The Act is to be construed liberally in order to accomplish its beneficent purpose. *Graham* v. *Daniels, supra.* It seems so

wasteful to refuse to rule on the real subject of this appeal on the pretext that it was not raised below. I agree with the Court of Appeals where it held that when an employee voluntarily quits part-time work, which does not disqualify him from receiving unemployment benefits, he is not disqualified within the meaning of section 5 (a) from receiving benefits based upon prior qualifying employment. In addition to all I have said I believe the appellant quit her job for good cause. It is obvious to me that an employee or anyone else who consistently loses money on a job is not too bright if he continues such work without promise or hope of betterment.