Shelley COIT *v.* Dewey STILES, Director of
Labor, KELLY SERVICES, and
PUBLISHER'S BOOKSHOP

E 84-45                                        678 S.W.2d 373

Court of Appeals of Arkansas
Division I
Opinion delivered October 31, 1984
[Rehearing denied November 28, 1984.]

*Gale Stewart,* for appellant.

*Allan Pruitt,* for appellees.

JAMES R. COOPER, Judge. In this unemployment compensation case, the Agency, Appeal Tribunal and the Board of Review all found that the appellant was disqualified from receiving benefits because she quit her last work without good cause connected with the work. The main issue presented in this appeal is whether the appellant's last employer in a chronological sense, Kelly Services, is her last employer for purposes of the administration of the unemployment compensation act, since that employer was a part-time employer, or whether her last full-time employer, Publisher's Bookshop, is her last employer for the purposes of the act.

The appellant had worked for Publisher's for about ten years, and in March, 1983, she was laid off. She applied for, and began receiving unemployment benefits. She sought other employment, and when she was unable to find full-time work, she accepted a job with Kelly Services. She testified that an employee of the Employment Security Division told her that accepting such part-time work would not affect her unemployment benefits from Publisher's. The appellant later quit her work with Kelly in order to accompany her spouse to Arizona, and also because she was dissatisfied with the part-time employment.

In the recent case of *Hopkins* v. *Stiles, Director,* 10 Ark. App. 77, 662 S.W.2d 177 (1983), we held that a claimant should not be disqualified from receiving unemployment benefits as a result of her accepting part-time employment when no suitable full-time employment is available. In *Hopkins,* this court analyzed the purposes behind the act, the competing policies involved and the decisions in other jurisdictions which have addressed this issue in reaching the holding that we feel is the better policy. There we noted that the statutory provision governing the amount of weekly benefits awarded during partial employment, Section 3(c) of the Arkansas Employment Security Law [Ark. Stat. Ann. § 81-1104 (c) (Supp. 1983)], provides for a reduction in the weekly benefits received as a result of the prior employment by the amount received from the part-time employment

which is in excess of 40% of the weekly benefits being received. Thus the appellant could earn up to 40% of her weekly benefits being received based on her employment with Publisher's, from Kelly, and suffer no reduction in the amount she was receiving in unemployment compensation. The holding in *Hopkins* adopted a public policy designed to encourage persons receiving benefits under the act to accept part-time employment if no full-time employment was available without suffering a reduction in their overall income. We therefore reaffirm this holding in reversing and remanding this case for a determination of benefits based on the appellant's last employment with the appellee, Publisher's[1].

As a result of our holding above, we do not reach the issue concerning the appellant's asserted quitting her last employment without good cause. Likewise, we do not reach the estoppel argument raised by the appellant based on the alleged assurances from the Agency employee regarding the appellant's suffering a loss in unemployment compensation as a result of her accepting the part-time employment. The appellant is entitled to benefits regardless of the fact that she left part-time work voluntarily, without good cause. Her further unemployment benefits are subject to reduction only to the extent that her part-time wages compel that result.

Reversed and remanded.

CRACRAFT, C.J., and GLAZE, J., agree.

---

[1]Although the Arkansas Supreme Court reversed our decision, *Stiles, Director* v. *Hopkins,* 282 Ark. 207, 666 S.W.2d 703 (1984), the reversal was based on the fact that the Supreme Court found that the issue we decided was not properly before us. The court did not reach the merits of our decision.