148

Stacy J. PRICE *v.* STATE of Arkansas

CR 85-25                                    685 S.W.2d 506

Supreme Court of Arkansas
Opinion delivered March 4, 1985

*James F. Werner,* for appellant.

*Steve Clark,* Att'y Gen., by: *Jack Gillean,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is an appeal of a conviction of DWI under Act 549 of 1983 and of speeding. Questions of interpretation and constitutionality of the Act are raised, thus our jurisdiction is based on Arkansas Supreme Court and Court of Appeals Rule 29.1. a. and c. Facts necessary to understanding the appellant's points will be considered as each point is discussed.

### 1.   *Sufficiency of Citation*

The appellant complains that he was charged with DWI by an instrument entitled "complaint" rather than "citation." The appellant does not suggest how he was prejudiced by this misnomer. Neither his abstract or the record shows the point to have been argued to the trial court, so we will not consider it on appeal. *Boone* v. *State,* 282 Ark. 274, 668 S.W.2d 17 (1984). For the same reason we decline to consider the appellant's argument that the "complaint" did not notify him of the time and place of the trial. There was no objection in the trial court. *Stiles* v. *Hopkins,* 282 Ark. 207, 666 S.W.2d 703 (1984).

The appellant contends the "complaint" was insufficient because it simply charged him with DWI and was issued within ninety days after the adjournment of the

General Assembly session which passed Act 549. The argument is that no case had yet decided the validity vel non of the emergency clause which accompanied the Act. The short answer to this argument is that all legislation is presumed to be constitutionally valid. *Davis* v. *Cox,* 268 Ark. 78, 593 S.W.2d 180 (1980).

## 2. Culpable Mental State

The appellant argues Act 549 should be declared invalid because it does not require a culpable mental state and is thus in violation of the requirement of Ark. Stat. Ann. § 41-204(2) (Repl. 1977). That section says if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required. It clearly does not require that any criminal statute make a culpable mental state an element of the crime in so many words.

## 3. Conflict with Act 409

The appellant argues that Act 409 of 1983, which deals generally with sentencing, came into effect after Act 549 and thus invalidates the sentencing limitations of Act 549. Act 549 had an emergency clause, and it came into effect March 21, 1983. Act 409 had no emergency clause, and it came into effect July 1, 1983. The appellant argues that the act which comes into effect later is controlling. The argument is not correct. If there is a conflict which cannot otherwise be resolved Act 549 is the later expression of the legislative will, and thus it is controlling regardless of its having become effective earlier than Act 409. *Williams* v. *State,* 215 Ark. 757, 223 S.W.2d 190 (1949).

## 4. Radar Operator's Qualifications

Testimony at the trial was that the appellant drove 45 mph in a 25 mph zone. The appellant contends the officer who operated the radar device upon which the testimony was based was in violation of Act 672 of 1983, and the testimony should have been stricken. The officer testified he had been certified in 1980. The Act, codified in relevant part as Ark. Stat. Ann. § 42-1013(b) (Supp. 1983), provides that

police radar operators have one year from March 22, 1983, to complete new training or have previous training determined to be equivalent. The appellant's trial was in January, 1984, thus the officer's certification was not invalidated by the Act.

### 5. *Observation Time*

The appellant was given a breathalyzer test showing his blood alcohol content to have been in excess of the minimum permitted for drivers under Ark. Stat. Ann. § 75-2503(b) (Supp. 1983). He contends he was not kept under observation for a twenty-minute period before the test was administered. Evidence showed the appellant was stopped in his car no later than 11:31 p.m., and the test was administered at 11:54 p.m. During that twenty-three minute period the appellant was in the presence of officers. We have held that substantial compliance with the state health department regulation requiring the observation period is sufficient. *Sparrow* v. *State,* 284 Ark. 396, 683 S.W.2d 218 (1985). There was substantial compliance in this case.

### 6. *Presentence Report Requirement*

Ark. Stat. Ann. § 75-2506 (Supp. 1983) requires that before sentence is pronounced the court must have received a presentence report from the "Highway Safety Program or its designee." In this case there was no such report, so the court was in error in pronouncing sentence. However, no objection was made before or after pronouncement of sentence. After sentencing defense counsel said, "Doesn't he have to visit the alcohol treatment center?" After colloquy between the court and the prosecutor the defense counsel said, "But you're not requiring visiting the treatment center before sentencing?" Neither of these interrogatories can be characterized as an objection. No mention was made of the specific statutory requirement, and thus the court was not given an opportunity to rule on it. The issue was thus not preserved for appeal. *Stiles* v. *Hopkins,* 282 Ark. 207, 666 S.W.2d 703 (1983).

Two other points were raised by the appellant, but we will not consider them because they were supported neither

by authority nor by convincing argument. *Dixon* v. *State,* 260 Ark. 857, 545 S.W.2d 606 (1977).

Affirmed.