Dewey STILES, Director of Labor,
KELLY SERVICES, and PUBLISHER'S BOOKSHOP
*v.* Shelley COIT

84-279                                              686 S.W.2d 405

Supreme Court of Arkansas
Opinion delivered March 18, 1985
[Rehearing denied April 15, 1985.]

*Allan Pruitt,* for appellant.

*Gale Stewart,* for appellee.

JACK HOLT, JR., Chief Justice. At issue in this case is appellee's claim for unemployment benefits. The appellee was denied the benefits by the employment agency, the Arkansas Appeal Tribunal and the Board of Review of the Department of Labor based on a finding that she quit her last work without good cause connected with her work, pursuant to Ark. Stat. Ann. § 81-1106 (a) (Supp. 1983). The appellee appealed that decision to the Court of Appeals who reversed the board's findings. *Coit* v. *Stiles, et al,* 12 Ark. App. 397, 678 S.W.2d 373 (1984). We granted the director of the board's petition for review to be certain the court did not misconstrue the statute. We agree with the Court of Appeals.

Arkansas Stat. Ann. § 81-1106 (a) provides;

For all claims filed on and after July 1, 1973, if so found by the Director an individual shall be disqualified for benefits:

(a) [voluntarily leaving work.] If he voluntarily and without good cause connected with the work, left his last work. . .

Provided no individual shall be disqualified under this subsection if, after making reasonable efforts to preserve his job rights, he left his last work due to a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification;

The appellee was employed for ten years by Publisher's Bookshop in Little Rock. She was laid off on March 17, 1983, and began receiving unemployment benefits. In June, 1983, the appellee obtained part-time employment with Kelly Services. On September 15, 1983, the appellee quit her job at Kelly Services to move to Arizona with her husband, whom she married on October 8, 1983. At that time the appellee again filed for unemployment benefits based on her employment at Publisher's. In denying the claim, the board found the appellee was not entitled to benefits because she voluntarily quit her last work, at Kelly Services, without good cause.

On appeal, the appellee has contended that the board erred when it concluded that her last employment was with Kelly Services rather than with Publisher's Bookshop.

The court of appeals relied on an earlier case, *Hopkins v. Stiles, Director,* 10 Ark. App. 77, 662 S.W.2d 177 (1983), for the finding that "a claimant should not be disqualified from receiving unemployment benefits as a result of her accepting part-time employment when no suitable full-time employment is available." This court reversed the *Hopkins* decision on procedural grounds, finding the issue was not properly raised. *Stiles & Sears Portrait Studio v. Hopkins,* 282 Ark. 207, 666 S.W.2d 703 (1984). The issue is properly raised by this case however and we concur with the court of appeals' reliance on the rationale used in *Hopkins.*

In making its determination, the court of appeals quoted the decisions of several other courts. In *Tomlin* v.

*California Unemployment Insurance Appeals,* 82 Cal. App. 3d 642, 147 Cal. Rptr. 403 (1978), the California court interpreted their unemployment compensation benefit statute which precludes benefits if an employee left his "most recent work" voluntarily and without good cause. The court said:

> [T]he phrase "most recent work" should not be construed to mean merely the last employment of *any* kind prior to filing for benefits. It must refer to significant or regular employment in order to effectuate the purposes of the act. The most reasonable meaning for the term "most recent work,". . .is the most recent primary or principal or full-time employment of the individual. . .Therefore, if an individual had a full time job, on the basis of which he is now eligible for unemployment insurance benefits, his qualification for benefits is not totally eliminated because he voluntarily leaves a part-time job.

*Accord: Gilbert* v. *Hanlon,* 214 Neb. 676, 335 N.W.2d 548 (1983); *Unemployment Comp. Bd. of Review* v. *Fabric,* 24 Pa. Commw. Ct. 238, 354 A.2d 905 (1976); and *Neese* v. *Sizzler Family Steak House,* 404 So. 2d 371 (Fla. App. 1981).

The board argued that the statute was unambiguous and therefore not subject to interpretation. Both our decision and that of the court of appeals are consistent with priniciples of statutory construction. The Nebraska court in *Gilbert,* supra, relied on an Iowa decision for the proposition that a provision disqualifying an individual from benefits if he or she "has left work" voluntarily needed interpretation because it did not specify whether it meant "all his work" or "any of his work" or "part of his work". "It seems not to recognize that there might be more than one 'work' and two or more concurrent employers. Some construction or interpretation thus becomes necessary of a statute otherwise 'plain and unambigous.' " *Gilbert,* supra. Similarly, here the phrase "left his last work" does not specify whether the work must have been full-time or whether it could include part-time employment and therefore it must be interpreted.

In *Whitlow v. American Greetings Co.*, 268 Ark. 1122, 599 S.W.2d 410 (Ark. App. 1980), the court of appeals stated that in interpreting § 81-1106 (a) it must be remembered that "the basic design of the Act is to protect the employee from the economic consequences of unemployment through no fault of the employee; and, to that end, the Act should be liberally construed." We find that a liberal construction of this statute requires a finding that the appellee is entitled to benefits based on her job at Publisher's subject only to a reduction in benefits to the extent that her part-time wages compel that result. We need not reach the other issues raised by the appellee.

Affirmed.