Tracy Lovell PATRICK *v.* STATE of Arkansas

CR 93-475                                              862 S.W.2d 239

Supreme Court of Arkansas
Opinion delivered October 4, 1993

*Robert P. Remet,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clementine Infante,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was found guilty of kidnapping, burglary, aggravated assault, and battery. He makes two arguments on appeal. We do not reach the first, there is no merit in the second, and, accordingly, we affirm.

Appellant's first point of appeal does not specify a trial court error, but merely states, "Appellant was not identified beyond a reasonable doubt as a perpetrator." The argument is based either on appellant's motion to suppress the witnesses' identification of him, or on the sufficiency of the identification evidence; but, in either event, is procedurally barred. The argument is perhaps predicated on appellant's motion to suppress any in-court identification because a photographic lineup was unduly suggestive. However, there is nothing in the abstract to indicate that a ruling was made on the motion. The burden of obtaining a ruling is upon the movant, and unresolved questions and objections are therefore waived and may not be relied upon on appeal. *Williams* v. *State,* 289 Ark. 69, 709 S.W.2d 80 (1986). Because appellant did not obtain a ruling on his motion to suppress, he is barred from raising the issue on appeal. *Burnett* v. *State,* 299 Ark. 553, 560, 776 S.W.2d 327, 331 (1989).

The argument is more likely predicated on the sufficiency of the evidence because, in his argument, he contends in part that witnesses did not have the ability to identify him in court. If this is his argument, it is also procedurally barred. To preserve a challenge to the sufficiency of the evidence in a jury

trial a defendant must move for a directed verdict both at the close of the prosecution's evidence and at the close of the case. A.R.Cr.P. Rule 36.21(b). We have repeatedly held that failure to so do results in a waiver of the issue. *Andrews* v. *State*, 305 Ark. 262, 807 S.W.2d 917 (1991). A directed verdict motion must be a "specific motion to apprise the trial court of the particular point raised." *Middleton* v. *State*, 311 Ark. 307, 309, 842 S.W.2d 434, 435 (1992). To preserve an issue for appeal, that issue must be stated clearly and specifically to the trial court. *Parette* v. *State*, 301 Ark. 607, 616, 786 S.W.2d 817, 822 (1990). At the close of the State's case, appellant moved to dismiss either the kidnapping charge or the aggravated assault charge on the basis of continuing conduct. *See* Ark. Code Ann. § 5-1-110(a)(5) (1987). Immediately thereafter, appellant moved to dismiss the battery charge on either of two grounds: first, the injury was not sufficient to constitute battery in the first degree, and, second, the evidence would not support accomplice liability. He did not move for a directed verdict because the evidence used to identify him was insufficient. After all of the evidence, he "renewed" his motion for a directed verdict "on the same basis as announced at the close of the state's case." Appellant did not give the trial court an opportunity to rule on the sufficiency of the identification evidence, and, as a result, an appeal on the issue is procedurally barred. *Price* v. *State*, 285 Ark. 148, 685 S.W.2d 506 (1985).

■ Appellant's second assignment of error involves the trial court's refusal to grant a mistrial. The facts leading to the ruling are as follows. Six armed men together committed these crimes. The prosecutor was attempting to show that appellant was one of the six and asked the investigating officer about an interview with appellant at the time appellant had been returned to Arkansas from Washington. Most of the details focused on appellant's identification; questions relating to size, hair style, date of birth, and place of residence. The prosecutor next asked the officer to read a statement from appellant about where he was on the date in question, and then the prosecutor asked, "Were other suspects developed in this case?" The officer answered, "Steven Glover, which has pled guilty, and --- ---." Appellant objected and moved for a mistrial. The trial court denied the motion for a mistrial but admonished the jurors not to consider the statement about another person pleading guilty. The prosecu-

tor did not bring the matter before the jury again.

■ Here, the trial court could reasonably conclude that the question was asked in good faith since it is undisputed that six men together committed these crimes. The trial court could also reasonably conclude that the question was not designed to show guilt by association, but rather to show that appellant was indeed one of the six persons who committed the crime. The trial court could additionally conclude that the reference to a guilty plea by another person was volunteered by the officer, was not in direct response to the question, and that it caused prejudice, but not such prejudice that it could not be cured by an admonition. In such case, the trial court has discretion to determine whether an admonition to the jury is sufficient to cure the prejudice, or whether it is necessary to grant a motion for a mistrial. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988).

■ Appellant cites the cases of *Free* v. *State*, 293 Ark. 65, 732 S.W.2d 452 (1987) and *Maxwell* v. *State*, 279 Ark. 423, 652 S.W.2d 31 (1983), and argues that we have reversed trial courts for abuse of discretion in refusing to grant mistrials and that we should do so in the case before us. We decline to so do. Neither of the cited cases has facts comparable to the facts of the case at bar. In each of the cited cases, the prosecutor asked a highly prejudicial question and did so without any legitimate reason. The trial court refused to grant a mistrial. As a result, we reversed and remanded for a new trial. Here, the question had a legitimate basis; it was the extra information volunteered in the answer that caused the prejudice, and the trial court concluded that its admonition was sufficient to cure that prejudice. The ruling did not constitute an abuse of discretion.

Affirmed.