ARKANSAS DEPARTMENT of HUMAN SERVICES *v.*
Maxine McMANUS, Donald E. Kirby
and Terri Kirby Stell

CA 04-1172                                   207 S.W.3d 589

Court of Appeals of Arkansas
Opinion delivered April 27, 2005

[Rehearing denied June 1, 2005.]

*Gray Allen Turner,* for appellant.

No response.

ROBERT J. GLADWIN, Judge. This is a one-brief appeal challenging an *ex parte* order entered by the Calhoun County Circuit Court that granted temporary custody of the two minor daughters of appellees Donald E. Kirby, deceased, and Terri Kirby Stell to their paternal grandmother, appellee Maxine McManus. Appellant Arkansas Department of Human Services (DHS) raises several points on appeal: (1) that the trial court did not correctly apply the Arkansas Rules of Civil Procedure; (2) that the trial court did not have personal jurisdiction; (3) that the trial court erroneously found that the children were at risk of harm. Because the order appellant appeals from is not a final appealable order, we dismiss the appeal.

A. K. and P. K. are the minor daughters of appellees Donald E. Kirby and Terri Kirby Stell, who were married on or about July 31, 1990, and divorced on December 19, 2001. Joint custody was awarded to the parents, with Donald Kirby having physical custody of the children during the school year. Donald Kirby died on July 1, 2002, at which time the children went to live with their mother.

The children maintained contact with, and frequently visited, their paternal grandmother, appellee Maxine McManus. On June 2, 2004, Mrs. McManus called DHS concerning possible abuse and neglect of the children by their mother and her current husband, Scotty Stell. Mrs. McManus made allegations that Mr. Stell had pinched A. K. on the breasts as well as whipped, choked, and slapped her, and pulled her hair. Mrs. McManus also alleged that Mr. Stell had whipped P. K. to the point of inflicting bruises. Finally, Mrs. McManus alleged that A. K. told her that Mr. Stell "stuck needles in his arm" and that her mother might be using illegal drugs. Based on these allegations DHS placed A. K. and P. K. into emergency custody on June 2, 2004.

The following day, Mrs. McManus filed a petition for *ex parte* emergency custody in the Calhoun County Circuit Court. The petition was filed under the case number for the original divorce action between appellees Donald E. Kirby, deceased, and Terri Kirby Stell, and listed Mrs. McManus as an intervenor, and DHS as a third-party defendant. That same day, on June 3, 2004,

the trial judge entered an *ex parte* temporary order granting Mrs. McManus temporary custody of the children. Both the petition and order listed DHS as a third-party defendant; however, DHS was neither served with the petition nor given the opportunity to present evidence in the matter before the order was granted.

On June 11, 2004, DHS filed a motion for reconsideration and/or transfer, arguing that the domestic-relations division of Calhoun County Circuit Court did not have proper jurisdiction to issue the *ex parte* order and that the juvenile division was the proper division for such matters. Moreover, DHS argued that Calhoun County Circuit Court did not have proper jurisdiction to hear the case because Mrs. Stell and her children were residents of Dallas County when the *ex parte* order was entered. DHS also argued that Mrs. McManus had not filed a motion to intervene before filing her petition for custody, nor did she attempt to serve DHS with the petition. DHS asked that the *ex parte* temporary custody order be vacated or that the entire issue be transferred to the juvenile division of Dallas County Circuit Court, which is the county in which the children lived and the alleged abuse occurred. Meanwhile, on June 24, 2004, Mrs. McManus filed a motion to intervene in the original divorce case between appellees Donald E. Kirby and Terri Kirby Stell. Neither motion was ruled upon by the court, and DHS filed a notice of appeal as to the temporary order on July 23, 2004.

We note that it is a well-established principle that death abates a divorce suit. *Ginsburg v. Ginsburg*, 353 Ark. 816, 120 S.W.3d 567 (2003). Our cases hold that a court will lose jurisdiction to decide matters relating to alimony or to the custody of children upon the death of one party after the decree. *See Speer v. Speer by Campbell*, 298 Ark. 294, 766 S.W.2d 927 (1989); *see also Brown v. Brown*, 218 Ark. 624, 238 S.W.2d 482 (1951) (holding that the general rule applicable in cases of this kind is that on the death of a parent, the power of the court over custody of the child derived from the divorce action, together with the effectiveness of the decree, terminates, and the surviving parent ordinarily succeeds to the right of custody). In fact, the majority view is that the custody provisions of a divorce decree ordinarily come to an end upon the death of one of the parents, of necessity and because they were intended to operate only as between the parents. *See* W.W. Allen, *Right to Custody of Child as Affected by Death of Custodian Appointed by Divorce Decree*, 39 A.L.R.2d 258, § 3. Accordingly,

upon the death of appellee Donald E. Kirby, the jurisdiction of the divorce court to provide, in the divorce suit, for the custody of the children terminated.

DHS asserts that the *ex parte* order granting temporary custody is appealable, claiming that it is a mandatory injunction and that, when the trial court failed to have a hearing on appellant's motion and did not set aside its order of temporary custody, the order became permanent for all practical purposes. DHS maintains that this matter is somewhat similar to the situation in *Walker v. Eldridge*, 219 Ark. 594, 243 S.W.2d 638 (1951), in that there is no trial on the merits of the case that is pending. We disagree. The *ex parte* order, as it was entered in the original divorce action, is not a final appealable order. Given our resolution of this question regarding the lack of an appealable order, we need not address appellant's other arguments.

Dismissed.

GRIFFEN and BAKER, JJ., agree.