WOODUNIQUE, INC. *v.* DIRECTOR, DEPARTMENT of WORKFORCE SERVICES and Calvin L. Alley

E 08-50                                                                 288 S.W.3d 699

Court of Appeals of Arkansas
Opinion delivered October 22, 2008

No briefs.

JOSEPHINE LINKER HART, Judge. Appellant, Woodunique, Inc., appeals from the Arkansas Board of Review's award of unemployment benefits to appellee Calvin L. Alley after the Board found that Alley left his last work because of a personal emergency of

compelling urgency after making reasonable efforts to preserve his job rights. We reverse and remand the award because substantial evidence does not support the Board's conclusion that Alley made reasonable efforts to preserve his job rights.

The relevant unemployment-benefit statute provides in part that "an individual shall be disqualified for benefits if he or she voluntarily and without good cause connected with the work left his or her last work." Ark. Code Ann. § 11-10-513(a)(1) (Supp. 2007). The statute, however, further provides in part that "[n]o individual shall be disqualified under this section if after making reasonable efforts to preserve his or her job rights he or she left his or her last work . . . [d]ue to a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification." *Id.* § 11-10-513(b)(1).

At the Arkansas Appeal Tribunal hearing, Alley testified that during his employment with Woodunique he lived at a residence closer to his work, but he left his employment to return to his Fort Smith residence to care for his parents. He testified that it was approximately 150 miles from his place of employment to Fort Smith, so "in cases of an emergency if I had to be here really quick it just wasn't practical." He further testified that he did not request a medical leave of absence from his employer in order to attend to his parents, explaining that "[i]t was an emergency, I really had to get up here." Gene Dunn, a shop foreman for Woodunique, testified that Alley called and told him that he would be "going back to Fort Smith so that he could watch after his parents" and would not be returning to work. Further, he testified that Alley did not request a medical leave of absence and just stated that he would be going back to Fort Smith.

In its summary of evidence, the Board noted that the written record contained a claimant statement. In that statement, Alley wrote that his father was eighty-eight years old, had cancer of the esophagus, and suffered from dementia and that his mother was eighty-five years old and had heart problems that on several recent occasions had caused her to fall. He also stated that his parents lived alone and needed his daily assistance at their home in Fort Smith. The Board also cited another claimant statement in the record where Alley stated that there was no emergency on the day he quit but that he had "just got to the point I had to leave the job and come and care for my parents" and he "could not afford to continue working there due to the distance." Further, he stated that his "sister was trying to take care of them but it got to the

point I had to come back, leave my job, to take care of things here." Also, he stated that he "did not ask for a leave because it never crossed my mind."

In its findings of fact and conclusions of law, the Board stated that "the health problems of [Alley's] parents had become so critical that the parents were in imminent risk of severe injury or imperiling episodes of dementia" and that Alley "could not timely respond to his parents' emergencies if he continued his employment." The Board found that Alley quit due to an emergency of compelling urgency. Further, it found that "because the length of time that [Alley] need[ed] to be away from the area of the work was indefinite, requesting a leave of absence would have been impractical," noting further that the "law does not require that a claimant make futile efforts to preserve his or her job rights." It concluded that he left his last work "because of a personal emergency of compelling urgency, after making reasonable efforts to preserve his job rights."

The Board's findings of fact must be supported by substantial evidence upon which a particular conclusion could reasonably have been reached. *Western Sizzlin of Russellville, Inc. v. Dir. of Labor*, 30 Ark. App. 141, 783 S.W.2d 875 (1990). Substantial evidence does not support the Board's decision because Alley — though he was required to do so by statute — made no effort to preserve his job rights. Recognizing that statutory requirement, we have previously held that a claimant must make reasonable efforts to preserve his or her job rights, such as by requesting a leave of absence. *See id.* (reversing award of benefits where claimant made no efforts to preserve job rights by requesting a leave of absence); *Morse v. Daniels*, 271 Ark. 402, 609 S.W.2d 80 (Ark. App. 1980) (reversing denial of benefits where claimant with sick parents preserved her job rights by requesting a leave of absence). Here, Alley did not make such a request. While the Board suggests that requesting a leave of absence would have been impractical and would have constituted a futile effort to preserve his job rights, there is simply no evidence in the record regarding what Woodunique's response to such a request might have been. Thus, the Board's conclusion is not supported by substantial evidence. *See Gordos Arkansas, Inc. v. Stiles*, 16 Ark. App. 30, 696 S.W.2d 320 (1985) (reversing award of benefits where there was no evidence to support the conclusion that any attempt to obtain a leave of absence would have proved a futile gesture). Alley's

decision to quit, however well-intentioned, was his own decision — he no longer wanted to be employed. Accordingly, we reverse and remand.

Reversed and remanded.

GLADWIN, ROBBINS, BIRD, and HUNT, JJ., agree.

GRIFFEN, J., dissents.