SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-14-933

|  |  |
|---|---|
| KTAL, INC., d/b/a SCHLOTZSKY'S DELI<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, and GWENDOLYN DAVIS<br><br>APPELLEES | **Opinion Delivered** May 13, 2015<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2014-BR-02342]<br><br><br>REVERSED |

## M. MICHAEL KINARD, Judge

Appellant Schlotzsky's Deli appeals from the Board of Review's decision allowing claimant Gwendolyn Davis unemployment benefits if otherwise in compliance with the law. The Board found that Davis left her last work because of illness and that any attempt to preserve her job rights would have been futile. We reverse.

Under Arkansas Code Annotated section 11–10–513(a)(1) (Repl. 2012), "an individual shall be disqualified for benefits if he or she voluntarily and without good cause connected with the work left his or her last work." However, this statute further provides that no individual shall be disqualified under this section if, after making reasonable efforts to preserve his or her job rights, he or she left his or her last work because of illness. Ark. Code Ann. § 11–10–513(b)(2). This court affirms the Board of Review when its decision is supported by substantial evidence, which is such relevant evidence as reasonable minds might accept

as adequate to support a conclusion.  *Buck v. Director, Department of Workforce Services*, 2014 Ark. App. 685, 449 S.W.3d 705.

Davis was an assistant manager at Schlotzsky's.  She testified before the Appeal Tribunal that her health issues had caused her to miss work more often than she was able to report to work.  She suffered from congestive heart failure and gastroparesis, and she said that her doctor told her she could no longer work.  Davis said that her illness was "constantly coming back" and had required hospitalization immediately before she quit and twice in the two months since she quit.  Davis acknowledged that she had not requested a leave of absence.  She said that she was not sure if her employer allowed leaves of absence, and she did not think the business would want to leave open an assistant-manager position.

Keith Laing, Schlotzsky's owner, testified that he was aware of Davis's medical issues, which had sometimes required her to miss work for a week at a time.  Laing said that Davis had been out for three to four weeks when she informed the general manager that she would not be returning to work based on her doctor's recommendation.  Laing confirmed that Davis did not request a leave of absence and that he did not have a leave-of-absence policy.  However, he said that he had allowed employees to take sick leave in the past and that he would have considered authorizing a leave of absence for Davis had she requested it.

The Appeal Tribunal affirmed the Department of Workforce Services' determination that Davis was ineligible for benefits under Arkansas Code Annotated section 11-10-507(3)(A) because she was not able to perform suitable work.  However, the Appeal Tribunal reversed the Department's separate determination that Davis was disqualified from receiving

SLIP OPINION

benefits under section 11-10-513. The Tribunal found that Davis voluntarily left her last work without good cause connected with the work due to personal illness and that any efforts to preserve her job rights would have been futile. Schlotzsky's appealed from this portion of the decision to the Board of Review. The Board found that any attempts by Davis to preserve her job rights would have been futile because her illness was "continuous" and her doctor had advised her not to return to work.

This court has held that an employee is not required to make efforts to preserve her job rights if such efforts would constitute nothing more than a futile gesture. *Oxford v. Daniels*, 2 Ark. App. 200, 618 S.W.2d 171 (1981). Here, substantial evidence does not support the Board's conclusion that any such effort on Davis's part would have been futile. Laing testified that Davis could have received a leave of absence had she requested one. Although Davis left her last work because of illness, there is no evidence that she made reasonable efforts to preserve her job rights as required by Arkansas Code Annotated section 11-10-513(b). *See Woodunique, Inc. v. Director, Department of Workforce Services*, 103 Ark. App. 280, 288 S.W.3d 699 (2008) (reversing award of benefits where the claimant made no request for a leave of absence and no evidence supported the conclusion that such a request would have been futile). Accordingly, we reverse.

Reversed.

GLOVER and HIXSON, JJ., agree.