Oscar William SMITH *v*. STATE of Arkansas

CR 73-172                                507 S.W. 2d 110

Opinion delivered April 1, 1974

*Buford Gardner, Jr.,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Richard Mattison,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant Smith, charged with first-degree murder in the shooting of Robert Ray, testified that he acted in self-defense. The jury rejected that theory and found Smith guilty of second-degree murder, imposing a 21-year sentence.

The evidence is amply sufficient to support the verdict. In fact, the proof would have supported a first-degree conviction. The decedent, 80, was 24 years older than Smith and some 20 pounds lighter. On the afternoon of the homicide a heated argument developed between the two men, about who was to have a quantity of grass clippings that Ray was raking together. There were several eye-witnesses to the quarrel. One of them testified that during the altercation Smith said that he was going to go and get a gun and shoot the old man.

According to the State's proof, Smith did go and get a .22-caliber pistol, return to the scene, and renew the argument. In the course of the dispute Ray started toward Smith, who then shot Ray with the pistol, one of four wounds being fatal. The jury evidently found from the conflicting evidence that Ray was not threatening Smith with a rake, as Smith claimed, and that Smith could easily have left the scene in safety if he had chosen to do so. We need not narrate the testimony in further detail to show that the jury could find all the elements of murder to be present.

Complaint is made of the prosecution's failure to include the name of Mrs. Zeb Horton upon the original list of witnesses furnished to defense counsel. No bad faith is attributed to the prosecuting attorney, who did not learn of this witness until the night before the trial began. He immediately informed the defense of the identity of the new witness, who did not testify until the second day of the trial. There was no plea of surprise, and Mrs. Horton's testimony was merely cumulative. No prejudicial error is shown. *King v. Cardin,* 229 Ark. 929, 319 S.W. 2d 214 (1959).

Similarly, we find no reversible error in a remark made by Murl Lewis, a member of the jury panel, on voir dire. Lewis had stated that he had formed an opinion, on hearsay, that might influence his verdict. Upon further questioning he said: "I feel I couldn't be fair to the defendant." Defense

counsel asked for a mistrial, which was refused. Even if the other members of the panel understood the remark, which appears to be doubtful, no prejudice appears. In fact, similar statements are so frequently made spontaneously by prospective jurors that in many cases it would be impossible to empanel a jury if such remarks mandatorily required the granting of a mistrial. Needless to say, Lewis did not serve on the jury that was ultimately selected.

Affirmed.