Robert B. BROWN *v.* STATE of Arkansas

CR 92-304                                      875 S.W.2d 828

Supreme Court of Arkansas
Opinion delivered May 2, 1994
[Rehearing denied April 18, 1994.*]

Corbin, J., not participating.

*Diana M. Maulding*, for appellant.

*Robert B. Brown*, pro se.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

ROBERT H. DUDLEY, Justice. A jury found appellant guilty of first degree terroristic threatening, attempted first degree murder, and being a felon in possession of a firearm. The trial court ordered appellant's sentences to run consecutively. The court of appeals certified the case to this court. We affirm the judgment of convictions.

Appellant makes eleven assignments of error by the trial court. The first three assignments contain a number of sub-points, but the gravamen of each is that the trial court erred in refusing to grant his motion for a directed verdict. We do not address the merits of the arguments.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. We have repeatedly written that a challenge to the sufficiency of the evidence requires the moving party to apprise the trial court of the specific basis on which the motion is made. *See, e.g., Brown* v. *State*. 315 Ark. 466, 869 S.W.2d 9 (1994); *Middleton* v. *State*, 311 Ark. 307, 842 S.W.2d 434 (1992); *Pilcher* v. *State*, 303 Ark. 335, 796 S.W.2d 845 (1990); and *Taylor* v. *State*, 299 Ark. 123, 771 S.W.2d 742 (1989). "A directed verdict motion must be a 'specific motion to apprise the trial court of the particular point raised.'" *Patrick* v. *State*, 314 Ark. 285, 287, 862 S.W.2d 239, 241 (1993) (quoting *Middleton* v. *State*, 311 Ark. 307, 309, 842 S.W.2d 434, 435 (1992)). The reasoning underlying our holdings is that when specific grounds are stated and the absent proof is pinpointed, the trial court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof. *Standridge* v. *City of Hot Springs*, 271 Ark. 754, 610 S.W.2d 574 (1981).

■ Appellant's abstract reflects that at the conclusion of the State's case he "[m]oved for a directed verdict," which was denied, and at the end of the case he "renewed motion for a directed verdict," which was denied. Appellant's record on appeal is limited to that which is abstracted. *Porchia* v. *State*, 306 Ark. 443, 815 S.W.2d 926 (1991). Thus, we do not know whether the motion to the trial court applied to one, two, or all three of the charges, and we do not know the specific grounds of the motion or motions.

■ In his arguments to this court, appellant contends that the trial court erred in refusing to grant a directed verdict on the felon in possession of a firearm count because Ark. Code Ann. § 5-73-103 (Repl. 1993) does not define "felony" or "felon" when the conviction occurred out of state. He argues that the trial court erred in refusing to grant a directed verdict on the terroristic threatening count because there was no proof that he "filled [the two police officers] with intense fright." He argues that the trial court erred in refusing to grant a directed verdict on the attempted first degree murder count because the State failed to prove the "requisite intent." Not one of these specific arguments was raised at the trial court level, and we will not reach them for the first time on appeal.

■ Prior to trial, the trial court ordered that appellant be committed to the State Hospital for observation and examination. He was examined and the hospital staff's report stated that appellant had the capacity to effectively cooperate with his attorney and to understand the nature of the proceedings. On the first day of trial, appellant moved for a second mental examination. The trial court denied the motion, and appellant assigns the ruling as error. We summarily dispose of the argument. The State is not required to pay for a defendant to shop from doctor to doctor until he finds one who will declare him incompetent to proceed with his trial. *See* v. *State*, 296 Ark. 498, 757 S.W.2d 947 (1988); *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986); *Andrews* v. *State*, 265 Ark. 390, 578 S.W.2d 585 (1979). This is in accord with guidance from the United States Supreme Court. *See Ake* v. *Oklahoma*, 470 U.S. 68 (1985).

■ Appellant argues that the mental examination did not comply with the mandates of Ark. Code Ann. § 5-2-305 (Repl.

1993) because he was examined by a psychologist rather than a psychiatrist. We do not reach the merits of the argument because it was not raised below. In a related vein, appellant argues that the evidence was insufficient to prove that he was sane when he committed the offenses, and that he should have been acquitted by reason of insanity or mental defect. The defense of insanity is an affirmative defense, and the defendant bears the burden of proof by a preponderance of the evidence. *Davasher v. State*, 308 Ark. 154, 823 S.W.2d 863 (1992). Thus, appellant is arguing that the trial court should have granted a directed verdict for him on his affirmative defense. Again, a defendant must specifically preserve such issues by moving for a directed verdict at trial. Appellant did not move for a directed verdict on the basis of insanity or mental disease or defect, and he cannot raise the issue for the first time on appeal. *Wilson v. State*, 277 Ark. 43, 639 S.W.2d 47 (1982).

■ Appellant additionally argues that the convictions should be reversed because the trial court did not admonish the jury to disregard a comment made by a witness and did not admonish the jury to disregard a question by a deputy prosecutor. The argument is procedurally barred, as appellant did not ask the trial court for an admonitory instruction on either the comment or the question. *See Novak v. State*, 287 Ark. 506, 625 S.W.2d 518 (1985). The failure to give such an instruction is not prejudicial error in the absence of a request. *Miller v. State*, 269 Ark. 341, 605 S.W.2d 430 (1989).

■ The trial court sustained appellant's objection to both the comment and the question. Appellant acknowledges that he did not ask for admonitions after the objections were sustained, but contends that the trial court had a duty to "deal with the aftermath of an upheld objection" by admonishing the jury on its own motion. The argument is without merit because we do not impose a duty upon a trial court to give an admonitory instruction or limiting instruction in the absence of a request for such instruction. *See Miller v. State*, 269 Ark. 341, 605 S.W.2d 430 (1989).

■■ One of appellant's theories of defense at trial was justification. The jury was instructed that, as a matter of law, one is not justified in using deadly physical force if he knows he can retreat with complete safety. One of the State's witnesses, over

appellant's objection, testified that appellant could have retreated safely from the premises but instead came back to the scene a second time and fired a weapon. Appellant argues that the trial court erred in overruling his objection. Rule 701 of the Arkansas Rules of Evidence allows admission of opinion testimony by lay witnesses if the opinions or inferences are "(1) [r]ationally based upon the opinion of the witness and (2) [h]elpful to a clear understanding of his testimony or the determination of a fact in issue." *Id.* We have said that the requirements of Rule 701 are satisfied if the opinion or inference is one which a normal person would form on the basis of the observed facts, but if an opinion without the underlying facts would be misleading, then the objection should be sustained. *See Carton* v. *Missouri Pac. R.R.*, 303 Ark. 568, 571-72, 798 S.W.2d 674, 675 (1990) (quoting 3 Jack B. Weinstein & Margaret M. Berger, *Weinstein's Evidence* § 701[02], at 701-11, -12, -13 (1987)). Here, the testimony met the criteria of Rule 701. It was helpful to the jury in factually deciding whether appellant acted with justification, and the record shows that the witness had a rational basis for his opinion.

The State, in order to prove one of the elements of the charge of felon in possession of a firearm, offered a copy of a judgment of conviction from South Dakota that showed appellant had received a prior sentence of imprisonment. The foreign judgment did not reflect whether the crime was a felony, but it did reflect that the sentence was for four years. This information gave the jury an indication of how serious the violation was in South Dakota. Appellant argues that the trial court committed reversible error in refusing to excise that part of the judgment that showed the length of the sentence. We have said that a jury, in a felon in possession of a firearm case, is entitled to know the nature and the circumstances surrounding the prior conviction in order to appropriately determine the sentence in the pending case. *Combs* v. *State*, 270 Ark. 496, 606 S.W.2d 61 (1980). If the seriousness of the circumstances surrounding the prior offense were not to be considered in fixing the sentence, the General Assembly easily could have provided a definite term of imprisonment upon conviction of a felon in possession of a firearm rather than leaving it to the jury to fix any sentence not in excess of six years. In this case, since the judgment did not reflect whether offense was a felony, the term given for the prior conviction was

the main indicator of the seriousness of the conviction for "burning within a structure where a person was lawfully confined." Consequently, the trial court did not abuse its discretion in refusing to excise the length of the sentence.

Appellant argues that the trial court erred in ordering his sentences to run consecutively. It is the province of the trial court to determine whether sentences should be run concurrently or consecutively. *Acklin* v. *State*, 270 Ark. 879, 606 S.W.2d 594 (1980). We have remanded for resentencing when it was apparent that the trial judge did not exercise discretion. *See Wing* v. *State*, 286 Ark. 494, 696 S.W.2d 311 (1985). In this case the trial court plainly exercised its discretion. In pronouncing the sentence, the trial court stated that the jury had not imposed a harsh enough sentence for the attempted first degree murder, and, as a result, the sentences would be made to run consecutively.

For his eleventh and final assignment, appellant contends the trial court erred in overruling his objection to a statement made by the prosecutor in closing argument. The prosecutor said that the only reasons appellant did not kill one of the victims was that he was drunk and shooting at a spinning target and that "[h]e [had] a pretty short barrel on [his] pistol and I would submit to you, the shorter the barrel, the harder it is to hit what you're aiming at." The appellant contends the quoted sentence contained facts not in evidence.

A trial court has wide discretion in controlling, supervising, and determining the propriety of counsel's arguments, and we will not reverse absent a showing of manifest abuse. *Hoover* v. *State*, 262 Ark. 856, 562 S.W.2d 55 (1978). Further, some leeway must be given in closing arguments, and counsel may argue every plausible inference which could be drawn from the evidence. *Abraham* v. *State*, 274 Ark. 506, 625 S.W.2d 518 (1981). The prosecutor's remarks were not an unreasonable inference from the evidence. Thus, the trial court did not abuse its wide discretion.

Affirmed.