David W. STRICKLIN *v.* STATE of Arkansas

CR 94-303                                        883 S.W.2d 465

Supreme Court of Arkansas
Opinion delivered September 19, 1994

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, David Stricklin, appeals from a judgment of the Saline County Circuit Court convicting him of seven counts of rape of his two minor daughters over the period beginning in 1992 and ending on or about May 1, 1993; counts 1, 2 and 3 of the information concerned the rape on three separate occasions of the ten-year-old victim and counts 4, 5, 6 and 7 of the information concerned the rape on four separate occasions of the eleven-year-old victim. After a bench trial, appellant was found guilty on all counts by judgment filed on December 28, 1993, and was sentenced on each count as an habitual offender to a term of forty-six years imprisonment in the Arkansas Department of Correction to run concurrently. We affirm the judgment of convictions.

On appeal, appellant argues the trial court erred in denying his motions for directed verdict made with respect to each count at the conclusion of the State's evidence and renewed at the close of all evidence. Point one of the appeal concerns the denial of the directed verdict motions as to counts 1 through 3; point two of the appeal concerns the denial of the directed verdict motions as to counts 4 through 7.

We summarize appellant's directed verdict motions at trial as follows: at the close of the State's evidence, appellant moved for a directed verdict as to each count and argued the following three grounds for the motions — first, specifically, as to counts 4 through 7, the evidence did not prove appellant touched the victim anally with his finger, penis or any foreign object, or penetrated her "penilely," or had sexual intercourse with her; second, specifically, as to all counts, but particularly counts 1 through 3, the medical evidence did not prove the crimes charged ever took

place in that it did not prove penetration of the victim; and third, as to all counts, the State's evidence did not satisfy its burden to present proof beyond a reasonable doubt. As to this third ground, appellant noted generally the victims' testimony had changed from their pretrial statements, and noted two specific instances where the eleven-year-old victim had done so: (1) she testified first yes and then no when asked if the ten-year-old victim told their mother that appellant touched the ten-year-old anally; and (2) she stated before trial that appellant had penetrated her penilely, although at trial she testified such penetration had not taken place. At the close of all evidence, appellant renewed his motion for a directed verdict as to each count on the same grounds as stated earlier. On appeal, appellant argues the trial court erred in denying his directed verdict motions for two *other* specific reasons, that is, because the proof as to each count was insufficient to separate the counts as to (1) time and (2) where they occurred.

■■ Our law is well established that a directed verdict motion is treated as a challenge to the sufficiency of the evidence and requires the movant to apprise the trial court of the specific basis on which the motion is made. *Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1994). It is equally well settled that arguments not raised at trial will not be addressed for the first time on appeal, and that parties cannot change the grounds for an objection on appeal, but are bound on appeal by the scope and nature of their objections and arguments presented at trial. *Id.; Parette* v. *State*, 301 Ark. 607, 786 S.W.2d 817 (1990); *Taylor* v. *State*, 299 Ark. 123, 771 S.W.2d 742 (1989).

■ To conclude, in contravention of our established law applicable to proper preservation of issues for appellate review, appellant argued three grounds for his motion at trial, but bases his argument on appeal on two entirely different specific grounds, neither of which was raised at trial. In consequence, we summarily dispose of the argument, and will not consider it for the first time on appeal. *Brown*, 316 Ark. 724, 875 S.W.2d 828.

Affirmed.