Jimmy Dewayne WALKER *v.* STATE of Arkansas

CR 94-563 883 S.W.2d 831

Supreme Court of Arkansas
Opinion delivered October 3, 1994

*Paul J. Teufel*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Jimmy DeWayne Walker lost $17,000 gambling with Larry Conway. Conway demanded his money. Walker took him to the apartment of a friend under the pretext of getting some of the money. The two men argued. Walker went into an adjoining room and returned with a concealed pistol. He fatally shot Conway from behind, placed his body in a sheet, loaded the body in the trunk of a car, cleaned up the apartment, drove the car to a field near Memphis, and set the car on fire.

At trial, Walker's attorney timely moved for a directed verdict. His motion stated that there was insufficient evidence for a verdict of either first degree murder, second degree murder, or manslaughter. The court denied the motion. Walker was convicted of first degree murder. On appeal, he argues the evidence was insufficient to prove that he had the culpable mental state required for first degree murder. The outcome of this appeal would be obvious if we were to reach its merits, but we do not do so because the assignment of error was not preserved for appeal.

■ This case gives us the opportunity to make clear the standard for preserving an insufficiency-of-the-evidence argument. Before we adopted the Arkansas Rules of Criminal Procedure, we said that a general motion for a directed verdict was sufficient to apprise the trial court of a defendant's argument that the statutory elements of the crime were not proved, but nothing more. *See, e.g., Rogers* v. *State*, 248 Ark. 696, 453 S.W.2d 393 (1970). However, since the adoption of the Rules of Criminal Procedure, as amended, we have required that the basis of the motion be specified. A general motion is no longer sufficient to preserve the "statutory elements" ground. Rule 36.21(b) of the Arkansas Rules of Criminal Procedure, adopted in 1988, specifies when a motion for a directed verdict must be made, and it is intended to be in "alignment" with the Rules of Civil Procedure. *See* A.R.Cr.P. Rule 36.21 reporter's notes (1988). Rule 50 of the Arkansas Rules of Civil Procedure provides that a "motion for a directed verdict shall state the specific grounds therefor." A.R.C.P. Rule 50(a). A motion for a directed verdict in a criminal case likewise must "state the specific grounds therefor."

Other practical reasons have caused us to require that the grounds for the motion be specified. In multiple-count cases, which mandate different degrees of culpability for the lesser included offenses, it is easy for an element of one of the counts for lesser included offenses to be overlooked. Since a general motion for a directed verdict does not specify the missing element, the trial court is not apprised of the proof that was overlooked. As a result, the trial court is not made aware of the deficiency. *See, e.g., Sanders* v. *State*, 310 Ark. 510, 838 S.W.2d 359 (1992).

Since the 1988 amendment to Rule 36.21(b), we have repeatedly required that a motion for a directed verdict state the specific grounds of the motion. We have reiterated that the moving party must specifically apprise the trial court of the basis for the motion. *See, e.g., Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1994); *Brown* v. *State*, 315 Ark. 466, 869 S.W.2d 9 (1994); *Hickson* v. *State*, 312 Ark. 171, 847 S.W.2d 691 (1993); *Middleton* v. *State*, 311 Ark. 307, 842 S.W.2d 434 (1992); *Pilcher* v. *State*, 303 Ark. 335, 796 S.W.2d 845 (1990); *Taylor* v. *State*, 299 Ark. 123, 771 S.W.2d 742 (1989). "A directed verdict motion must be a 'specific motion to apprise the trial court of the particular

point raised.'" *Patrick* v. *State*, 314 Ark. 285, 287, 862 S.W.2d 239, 241 (1993) (quoting *Middleton*, 311 Ark. at 309, 842 S.W.2d at 435). "The reasoning underlying our holdings is that when specific grounds are stated and the absent proof is pinpointed, the trial court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof." *Brown*, 316 Ark. at 726, 875 S.W.2d at 830.

We draw a bright line and hold that a motion for a directed verdict in a criminal case must state the specific ground of the motion. Rule 36.21 of the Arkansas Rules of Criminal Procedure is to be read in alignment with Rule 50 of the Arkansas Rules of Civil Procedure. If a motion for directed verdict is general and does not specify a basis for the motion, it will be insufficient to preserve a specific argument for appellate review. *Rogers* and other similar cases decided before the adoption of our Arkansas Rules of Criminal Procedure, as amended, are no longer controlling.

Appellant received a life sentence. As a result, the record has been examined for any other rulings adverse to appellant that might constitute reversible error. *See* Ark. Sup. Ct. R. 4-3(h). No other adverse rulings constitute reversible error.

Affirmed.