Rickey Hale DAFFRON *v.* STATE of Arkansas

CR 94-282 885 S.W.2d 3

Supreme Court of Arkansas
Opinion delivered October 10, 1994

*Harold W. Madden*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Rickey Hale Daffron, was sentenced to consecutive sentences totaling fifty years for two counts of rape and one count of criminal attempt to commit rape. On appeal, he argues that the evidence was insufficient to sustain the verdicts for criminal attempt to commit rape and rape, and that the trial court should have granted his motions for directed verdict of acquittal in this regard. We affirm the trial court's actions.

At trial, Daffron's counsel stated to the trial court that he was relying on his "standard motions for judgment of acquittal based on insufficiency of the evidence on the State's case." His motion for acquittal on the attempted rape charge addressed the "substantial step" element of the crime and therefore was specific enough to apprise the trial court of the particular point raised.

However, by resting on his invocation of "standard motions," counsel waived the issue of sufficiency of the evidence on the rape charges. We have recently drawn a bright line in holding that a motion for a directed verdict in a criminal case must state the specific ground of the motion. *Walker* v. *State*, 318 Ark. 107, 883 S.W.2d 831 (1994).

That being the case, we do not consider the merits of whether there was sufficient evidence to support Daffron's rape convictions. *Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1994). Instead, we limit our review to his claim concerning criminal attempt to commit rape, and we hold that the trial court did not err in denying the defense motions for directed verdict of acquittal in this regard.

## Facts

Daffron was married in 1984 to Twyla (Daffron) Sutton, and a daughter was born during the marriage. Daffron had another child, a daughter from a previous marriage, who did not reside with him; the girl was twelve years old at the time of trial in 1993. When Mrs. Sutton married Daffron, she had, from a prior marriage, two daughters, ages ten and nine at the time of trial, who lived with the couple for the duration of their marriage.

In September 1989, the parties, who then resided in Little Rock, separated. They were divorced in 1991, and Daffron was awarded custody of the child born of his union with Mrs. Daffron, while she retained custody of her daughters from the earlier marriage. An informal weekend visitation arrangement was worked out between the couple to enable their daughter and Daffron's former stepdaughters to maintain their relationship as sisters.

Ms. Daffron married Lee Sutton in August 1992 and subsequently she and her two custodial daughters moved with him to Ozark for several months. During that period, in early November, Daffron drove to Ozark, picked up his former stepdaughters, and returned to his residence in Little Rock for a weekend visit. After the girls returned to Ozark, the ten year old reported to Mr. Sutton and her school counselor that Daffron had engaged in sexual intercourse with her. She was subsequently examined by a doctor in Paris, Arkansas, and both children were later examined by Dr. Jerry G. Jones at Arkansas Children's Hospital in Little Rock.

Detective Ron Tucker of the Pulaski County Sheriff's Office, in the process of interviewing Ms. Sutton and her two daughters in December 1992, learned that Daffron's daughter by his previous marriage had been present in his home at one point. The detective traced the girl through records in the Department of Human Services and discovered that she was presently a ward of the State. In January 1993, Detective Tucker interviewed her and learned that Daffron had taken sexual liberties with her.

Shortly thereafter, Daffron was charged with raping his two stepdaughters, who were less than fourteen years old, in violation of Ark. Code Ann. § 5-14-103 (Repl. 1993) and with criminal attempt to commit rape upon his daughter, who was less than fourteen years old, in violation of Ark. Code Ann. § 5-3-201 (Repl. 1993). Daffron was tried before a jury on September 15, 1993. He was found guilty on all three felony counts and was sentenced to consecutive sentences of twenty years each for the rapes of the ten-year-old and the nine-year-old former stepdaughters and ten years for the criminal attempt to rape his twelve-year-old daughter. From that judgment, he brings this appeal.

*I. Criminal attempt to commit rape — substantial evidence*

In his first point for reversal, Daffron argues that the trial court erred in refusing to grant him a directed verdict of acquittal on the charge of criminal attempt to commit rape. He contends that his actions toward his daughter did not amount to conduct constituting attempted rape.

At trial, Daffron moved for judgment of acquittal on the charge of criminal attempt to commit rape at the close of the State's case. His attorney stated:

> We want to make the standard motions for judgment of acquittal based on the insufficiency of the evidence on the State's case. They have woefully fallen short of their allegations and burden of proof and — specifically in Count 3, the allegation of attempted rape on the [twelve-year-old] child. . . . At best, taking the State's evidence in its best light, all we have here is perhaps of (*sic*) inappropriate contacts on this child. Inappropriate touching certainly is not a substantial step to an actual attempt to rape, or to have sexual intercourse with this child. This child was, I didn't cross-examine the child because I didn't feel her testimony was anywhere near what the law requires to charge this man with attempted rape. . . .

At the close of all the evidence, the defense counsel renewed the motions. Again, his focus on the element of "a substantial step" specifically informed the trial court of the basis of the motion, thus preserving the attempted-rape issue for our appellate review. *See Patrick* v. *State*, 314 Ark. 285, 862 S.W.2d 239 (1993).

A motion for a judgment of acquittal is equivalent to a motion for directed verdict. *See Young* v. *State*, 316 Ark. 225, 871 S.W.2d 373 (1994). A directed verdict is a challenge to the sufficiency of the evidence. *Graham* v. *State*, 314 Ark. 152, 861 S.W.2d 299 (1993). The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Friar* v. *State*, 313 Ark. 253, 854 S.W.2d 318 (1993). On appeal, this court reviews the evidence in the light most favorable to the appellee and sustains the conviction if there is any substantial evidence to support it. *Abdullah* v. *State*, 301 Ark. 235, 738 S.W.2d 58 (1990). Evidence is substantial if it is of sufficient

force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980).

The relevant definition of rape is found at Ark. Code Ann. § 5-4-103(a)(3) (Repl. 1993):

> (a) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:
>
> . . .
>
> (3) Who is less than fourteen (14) years old. . . .

Conduct constituting criminal attempt is defined as follows:

> (a) A person attempts to commit an offense if he:
>
> (1) Purposely engages in conduct that would constitute an offense if the attendant circumstances were as he believes them to be; or
>
> (2) Purposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as he believes them to be.
>
> (b) When causing a particular result is an element of the offense, a person commits the offense of criminal attempt if, acting with the kind of culpability otherwise required for the commission of the offense, he purposely engages in conduct that constitutes a substantial step in a course of conduct intended or known to cause such a result.
>
> (c) Conduct is not a substantial step under this section unless it is strongly corroborative of the person's criminal purpose.

Ark. Code Ann. § 5-3-201 (Repl. 1993).

Daffron's twelve-year-old daughter testified that she first met her father when she was nine years old. She went to his residence on several occasions because she enjoyed the company of Ms. Sutton and her half-sisters. The daughter stated that in 1990, shortly after her tenth birthday, she spent the night at her father's apartment in Little Rock. She had gone to sleep on a

couch and awakened in his bedroom. Daffron informed her that Ms. Sutton and the other girls, who were living with him at the time, had gone.

Then, the twelve year old testified, her father began touching her. "He started to squeeze me tight," she said, "and then he started to feel of my breast and my vaginal area." When Daffron began touching his daughter, she told him she was hungry and tried to get up, but he pulled her back. She testified that, while he was touching her, Daffron told her how much he loved her and said, "Oh, you're so soft."

The girl was wearing a nightgown and panties. As her father began reaching up beneath her gown, "moving upwards," the twelve year old got out of bed "[b]ecause I did not want him touching on me" and went to the kitchen. Afterward, she returned to her mother's apartment in the same complex. She never returned to visit her father, and she reported the incident to her grandmother.

Ms. Sutton recalled, in her testimony, that she and Daffron had an argument the last time his twelve-year-old daughter stayed with him and that she and her two daughters left the apartment. At that time, Daffron's daughter was asleep on the couch.

On appeal, Daffron insists that while his conduct toward his daughter might be said to have constituted a lesser offense, it cannot be construed as intended to result in rape. He asserts that there was no testimony that he attempted to prevent the girl from going to the kitchen once she got out of the bed or that he subsequently attempted to stop her from leaving his apartment. Daffron argues that unlike the situation of the appellant in *Summerlin* v. *State*, 296 Ark. 347, 756 S.W.2d 980 (1988), there was no testimony that he removed any of his clothes or his daughter's or that he employed violence. This argument is misplaced as it is not necessary, where a child under the age of fourteen is involved, that *any* degree of force be employed. Ark. Code Ann. § 5-14-103(a)(3). Hence, the *Summerlin* case, upon which Daffron relies, is inapplicable to the present set of circumstances, where the victim was ten years old at the time of the attempted rape.

Daffron's actions constituted a substantial step in a

course of conduct intended to culminate in the commission of rape under Ark. Code Ann. § 5-3-201(a)(2). It is undisputed that he brought his daughter from a couch to his bedroom; he touched her breasts and vaginal area; he pulled her back on his bed when she first attempted to leave; he moved his hand beneath her nightgown; he made suggestive statements about how "soft" she felt.

Suffice it to say, the evidence of Daffron's conduct warranted the trial court's denial of the defense motions for directed verdict on the charge of criminal attempt to commit rape and is sufficient to sustain the jury's verdict.

## II. Rape — substantial evidence

In his remaining argument for reversal, Daffron maintains that the evidence of the rapes of his former stepdaughters was insufficient, arguing that the trial court erred in refusing to grant his motions for acquittal. In this regard, counsel for the defense made only general motions on the sufficiency of the evidence. After the close of the State's case, he said:

> We want to make the *standard motions for judgment of acquittal* based on the insufficiency of the evidence on the State's case. [There followed the discussion of the attempted-rape issue as quoted above, yet there was no reference or mentioned made by court or counsel as to the evidence surrounding the charges of rape.] . . . *And basically, I've just made the standard motions on the other two children, that there was insufficient evidence to go to the Jury on the rape of the other two.*

(Emphasis added.)   Then, at the close of all the evidence, the defense counsel merely stated that he wished to renew the "previous motions" and did not recount the details of either motion for judgment of acquittal.

■   We have often remarked that we adhere to a strict construction of Rule 36.21(b) of the Arkansas Rules of Criminal Procedure, which deals with the failure to question the sufficiency of the evidence, and we have held that a general reference to "the usual motions" or to "insufficient evidence" will not satisfy the requirement of the rule. *Middleton* v. *State*, 311 Ark. 307, 842 S.W.2d 434 (1992); *Pilcher* v. *State*, 303 Ark. 335, 796

S.W.2d 845 (1990). Instead, such a general motion constitutes a waiver of the right to challenge the sufficiency of the evidence. *Id.*

In *Brown* v. *State, supra,* we emphasized that "[w]e have repeatedly written that a challenge to the sufficiency of the evidence requires the moving party to apprise the trial court of the specific basis on which the motion is made. . . . The reasoning underlying our holdings is that when specific grounds are stated and the absent proof is pinpointed, the trial court can either grant the motion or, if justice requires, allow the State to reopen its case and supply the missing proof." 316 Ark. at 726, 875 S.W.2d at 830. *See also Patrick* v. *State, supra; Middleton* v. *State, supra.* Most recently, in *Walker* v. *State, supra,* we underscored these holdings, noting that Ark. R. Crim. P. 36.21 must be read in alignment with Ark. R. Civ. P. 50 and concluding, once again, that "[i]f a motion for directed verdict is general and does not specify a basis for the motion, it will be insufficient to preserve a specific argument for appellate review." 318 Ark. at 108, 883 S.W.2d at 832.

Since Daffron failed to provide specifics concerning the rape charges, we hold that the trial court did not err in denying the defense motions for directed verdict of acquittal in this regard. Moreover, the sufficiency issue having been waived, we will not consider it on the merits. *Andrews* v. *State,* 305 Ark. 262, 807 S.W.2d 917 (1991).

Affirmed.