Bobby CAMPBELL *v.* STATE of Arkansas

CR 94-891                                        891 S.W.2d 55

Supreme Court of Arkansas
Opinion delivered January 23, 1995

*Tom Garner*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Bobby Joe Campbell, appeals a judgment of the Izard County Circuit Court convicting him of one count of commercial burglary, three counts of breaking and entering, and two counts of theft, and sentencing him, as a habitual offender, consecutively to a cumulative term of

thirty-five years imprisonment, with thirty-three years to be served in the Arkansas Department of Correction and two years to be served in the Izard County Jail. All convictions resulted from a single incident occurring October 19, 1993, when appellant and two others, Jerry Forrester and Casey Burris, stole quarters from a laundromat office and various machines including the washers and dryers. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2). We find no error and affirm.

The sole point urged for reversal in this case is that the trial court erred in denying appellant's motion for directed verdict by holding that state's witness Philip Naylor was not an accomplice. We observe this argument is based on a false premise. The trial court never ruled Naylor was not an accomplice because appellant never requested a ruling on this issue. The state contends this argument is not preserved for our review because appellant failed to move for a directed verdict on the specific grounds now argued on appeal. We agree that appellant did not raise this specific argument below. Appellant has therefore waived this argument on appeal.

Our law is well established that a directed verdict motion is treated as a challenge to the sufficiency of the evidence and requires the movant to apprise the trial court of the specific basis on which the motion is made. *See, e.g., Daffron* v. *State*, 318 Ark. 182, 885 S.W.2d 3 (1994); *Walker* v. *State*, 318 Ark. 107, 883 S.W.2d 831 (1994); *Stricklin* v. *State*, 318 Ark. 36, 883 S.W.2d 465 (1994). Our law is equally well established that arguments not raised at trial will not be addressed for the first time on appeal, and that parties cannot change the grounds for an objection on appeal, but are bound on appeal by the scope and nature of the objections and arguments presented at trial. *See, e.g., Stricklin*, 318 Ark. 36, 883 S.W.2d 465. Consistent with these principles of law, we have held that the failure to include accomplice testimony as a specific ground for a directed verdict was insufficient to raise the issue on appeal. *Jones* v. *State*, 318 Ark. 704, 889 S.W.2d 706 (1994).

At the close of the state's evidence, appellant made a general motion for directed verdict based on insufficient evidence of all the crimes charged against him. While appellant's counsel specifically addressed each count charged against appellant, the

arguments made in support of the directed verdict motion on each count were general arguments of insufficiency rather than the identification of particular or specific missing elements of proof. With respect to the burglary charge, appellant's counsel stated that the only evidence presented was the testimony of co-defendant Forrester and then acknowledged that Naylor did offer testimony on this charge as well. However, appellant's counsel did not argue, as he does now on appeal, that Naylor was an accomplice or that the evidence offered against appellant was insufficient because it was produced entirely from accomplices and therefore required corroboration consistent with Ark. Code Ann. § 16-89-111(e) (1987). Moreover, after the trial court stated *sua sponte* that Naylor's testimony provided corroboration of testimony by appellant's co-defendants, appellant's counsel never objected nor requested the trial court to rule Naylor was an accomplice. At the close of all the evidence, appellant simply renewed his previous motions for directed verdict and did not present any specific basis for the motions.

Additionally, we note that although appellant bears the burden of proving Naylor was an accomplice whose testimony must be corroborated, *Vickers* v. *State*, 313 Ark. 64, 852 S.W.2d 787 (1993), appellant's counsel never asked the court to rule Naylor was an accomplice, nor did he request an instruction that the jury determine Naylor's status as an accomplice, nor did he request an instruction that the testimony of an accomplice required corroboration.

In summary, while appellant did make a timely motion for directed verdict, it was made only on general insufficiency grounds, which does not preserve for our review the particular argument now raised. *Jones*, 318 Ark. 704, 889 S.W.2d 706. Accordingly, he has waived this argument on appeal and the judgments of conviction are affirmed.