Carl A. STEWART *v.* STATE of Arkansas

CR 94-1068                          894 S.W.2d 930

Supreme Court of Arkansas
Opinion delivered March 20, 1995

*Hugh Finkelstein*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Carl A. Stewart, appeals a judgment of the Dallas County Circuit Court, filed May 4, 1994, convicting him of four counts of delivery of cocaine (counts I-IV), a Class Y felony, Ark. Code Ann. § 5-64-401 (Repl. 1993), and one count of maintaining a drug premises (count V), a Class D felony, Ark. Code Ann. § 5-64-402 (Repl. 1993). The judgment also sentenced appellant to a fine of $20,000.00 and

imprisonment at the Arkansas Department of Correction for a term of forty-five years (consisting of consecutive terms of fifteen years each for counts I, II, and III), and suspended imposition of sentence as to counts IV and V pending appellant's release from the Department of Correction, subject to conditions. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(2). We find no error and affirm the trial court's judgment.

Appellant's first argument for reversal is that the evidence was insufficient to sustain his premises conviction under section 5-64-402(a)(3) because the statute requires proof of multiple transactions involving multiple persons, but the evidence showed only one transaction involving only one person. The state contends this argument is not properly preserved for appeal. We agree that appellant did not raise this specific argument below. Appellant has therefore waived this argument on appeal.

A directed verdict motion is treated as a challenge to the sufficiency of the evidence and requires the movant to apprise the trial court of the specific basis on which the motion is made. *Campbell* v. *State*, 319 Ark. 332, 891 S.W.2d 55 (1995); *Daffron* v. *State*, 318 Ark. 182, 885 S.W.2d 3 (1994). Our law is well established that arguments not raised at trial will not be addressed for the first time on appeal, and that parties cannot change the grounds for an objection on appeal, but are bound on appeal by the scope and nature of the objections and arguments presented at trial. *Campbell* v. *State*, 319 Ark. 332, 891 S.W.2d 55; *Stricklin* v. *State*, 318 Ark. 36, 883 S.W.2d 465 (1994).

Consistent with this principle, we have held that, since the adoption of the Arkansas Rules of Criminal Procedure, including Rule 36.21(b) which was adopted in 1988, a general motion is insufficient to preserve a defendant's argument that the statutory elements of his crime were not proved. *Walker* v. *State*, 318 Ark. 107, 883 S.W.2d 831 (1994). We have held that the movant's failure to specifically apprise the trial court of a specific basis for his motion means the motion will be insufficient to preserve that specific argument for appellate review. *Id.*

In the instant case, at the close of the state's evidence, appellant made a general motion for directed verdict based on insufficient evidence. Appellant did not specifically address any

count charged against him, nor did he make any argument in support of his general motion. In particular, he did not argue, as he does now on appeal, that the evidence with respect to the premises count was inadequate to satisfy the statutory elements of the crime. At the close of all the evidence, appellant simply renewed his previous motion for directed verdict, again without presenting any specific basis for the motion. In summary, while appellant did make a timely motion for directed verdict, it was made only on general insufficiency grounds which are inadequate to preserve for our review the specific argument he now raises. *Campbell*, 319 Ark. 332, 891 S.W.2d 55; *Walker*, 318 Ark. 107, 883 S.W.2d 831. Accordingly, he has waived this argument on appeal.

Appellant's second argument for reversal is that the trial court erred in denying his motion for mistrial which was prompted by a remark, made off the record, by a potential juror, Mr. Davis, during appellant's *voir dire* of Mr. Davis. The part of appellant's *voir dire* of Mr. Davis which occurred after Mr. Davis made his challenged remark was abstracted, however, and is quoted as follows:

> [ABSTRACTOR'S NOTE: The following colloquy occurred at the bench during the *voir dire* of the jury:]

> DEFENSE COUNSEL: I move for a mistrial. That's tainted this whole procedure.

> THE COURT: You didn't want this recorded, so it wasn't recorded, and as I understand it, the juror said he didn't know whether he could be impartial because he said, "If it's one count, he might be able to — but five counts, he's probably guilty." I think you can rehabilitate that witness [sic]. I understand you want to excuse him, but the man coming up is the twelfth juror. I don't know what you want to do. You're going to have to go into some of this to make him understand, that some people just don't understand it. If you want me to or you to —

> DEFENSE COUNSEL: I move for a mistrial.

> THE COURT: The motion for a mistrial is denied. I think the juror just stated that he just — based on the questions that the Court asked and I can't stop him from stat-

ing what his feelings are, and I don't think that that affects anything for the record.

DEFENSE COUNSEL: I just want to make sure that they'll know what he did say, I don't want to misstate it — "Since there's five counts, he's probably guilty. One count, one may be mistaken" —

THE COURT: I don't think that's exactly what he said. I think what I said in the beginning — this is basically what he said.

DEPUTY PROSECUTOR: "If there was," — he was certain "if there was one count, he might have made mistake, but more counts than that, he's probably guilty," or something to that effect.

THE COURT: That's pretty close.

[In open court]

THE COURT: Mr. Davis, let me clear that part of it up. Did you hear what I said this morning, that as [appellant] sits here at this minute right now, he's just as innocent as you or I are innocent, and will be so until there's enough evidence put on from that witness stand to convince twelve people who fairly and impartial [sic] decide these issues? We don't deal in probables. In other words right now, he is innocent — not probably is innocent, and until evidence is introduced that could convince twelve people otherwise. Now can you follow that presumption? I'm not sure that based on what you started out with, you could or couldn't?

JUROR DAVIS: I don't think I could.

THE COURT: You are excused. Thank you, sir.

Without citation to persuasive authority, appellant summarily argues that the message of Mr. Davis's remark was clear enough to the jury panel — "too many allegations means guilt" — and, because of the resulting taint to the jury, a mistrial was warranted. Based on the record before us, we find that this argument is meritless and that no reversible error was committed by the trial court.

A mistrial is a drastic remedy. *Rank* v. *State*, 318 Ark. 109, 883 S.W.2d 843 (1994); *Dillon* v. *State*, 317 Ark. 384, 877 S.W.2d 915 (1994). We have held that the trial court should resort to mistrial only where the error complained of is so prejudicial that justice cannot be served by continuing the trial or when the fundamental fairness of the trial itself has been manifestly affected; the trial court has wide discretion in granting or denying a motion for a mistrial and its discretion will not be disturbed except where there is an abuse of discretion or manifest prejudice to the movant. *King* v. *State*, 317 Ark. 293, 877 S.W.2d 583 (1994).

Appellant has failed to show that the denial of his motion for mistrial either constituted a manifest abuse of the trial court's discretionary authority or prejudiced appellant. The record shows that, following the bench conference in which the mistrial motion was made and denied, the trial judge immediately addressed the potential juror, Mr. Davis, in open court and restated to him the presumption of innocence. Mr. Davis candidly replied that he could not follow the presumption and was properly excused by the trial judge. No admonition from the trial court to the jurors or jury panel regarding Mr. Davis's remark or his excuse from the panel was requested by appellant. No proof is shown that the jurors or other venirepersons heard the remark.

In this state, jurors are presumed to be unbiased. *Lair* v. *State*, 283 Ark. 237, 675 S.W.2d 361 (1984). We find that no reversible error was committed by the trial court in denying appellant's motion for a mistrial where no prejudice has been shown and venireman Davis did not serve on the jury that was ultimately selected. *Smith* v. *State*, 256 Ark. 321, 507 S.W.2d 110 (1974).

Affirmed.