Robert Neal HELTON, Jr. *v.* STATE of Arkansas

CR 94-1363                                      896 S.W.2d 887

Supreme Court of Arkansas
Opinion delivered May 1, 1995

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. In this appeal from his conviction for rape, the appellant, Robert Neal Helton, Jr., raises two points for reversal. He contends that the trial court erred in (1) not granting a directed verdict because the State failed to produce sufficient evidence that would support a rape conviction; and (2) allowing the State, over the defense's objection, to have rebuttal during the sentencing phase of the trial. Neither point has any merit whatsoever, and we affirm the judgment of the trial court.

### Facts

The record reveals that, on March 30, 1994, at about 1:00 a.m., appellant Robert Neal Helton, Jr., went to a neighboring house trailer where the victim was living and asked her to drive him in his Ford Bronco to a used car lot, saying that he was intoxicated and didn't want to be stopped by the police. After driving some distance, Helton directed the victim to turn down a dirt road.

When the vehicle stopped, Helton got out and urinated. Then he walked around to the driver's side, opened the door, seized the victim by the neck, and pressed something that she believed to be a knife to her side. The victim screamed, and Helton said, "Shut up. I'll kill you if you scream again."

Helton then ordered the victim to pull her pants down and to take her panties off. When she complied, he grabbed her hands and performed oral sex on her, warning her afterward that "You're not going to tell anybody about this. I'll kill you if you say anything about this." Next, Helton ordered the victim into the back seat of the vehicle, where he engaged in sexual intercourse with her and repeated his threat to kill her if she told anyone about the rape.

Subsequently, Helton and the victim returned to the trailer park, and the victim gave an account of the rape to the couple with whom she lived. Later in the day, she informed her boyfriend, who took her to the University of Arkansas for Medical Sciences in Little Rock for an examination. The crime was also reported to the Saline County Sheriff's Office, which began an investigation. Helton was charged by information on April 11, 1994, with the Class Y felony of rape, pursuant to Ark. Code Ann. § 5-14-103 (Repl. 1993), and with being an habitual offender.

A jury trial was conducted in the Saline County Circuit Court on September 2, 1994. Testifying on behalf of Helton, his fiancee, Deborah Melson, stated that the accused had spent the entire night in question sleeping in her room in the house she shared with her parents, her children, and her brother. Ms. Melson's mother, Mary Melson, also testified that Helton spent the night of the crime at her house. A guilty verdict was returned, and a life sentence was imposed. From that judgment, this appeal arises.

### I. Directed verdict

Helton argues in his first point for reversal that the trial court erred in denying his motion for a directed verdict because the evidence was insufficient to support a rape conviction. Neither motion, however, was made with the requisite degree of specificity to preserve this issue for appeal.

At the close of the State's case, defense counsel made the following motion:

> MR. HARDIN: Make a motion at this time for a directed verdict on the charge of rape in that there's not been significant evidence which would lead to a conclusion by the jury that he's guilty of rape.

The court denied the motion. Subsequently, at the close of all the evidence, the defense made the following statement:

> MR. HARDIN: The defense renews its motion for a directed verdict on the grounds previously stated.

The court denied the attempted renewal.

In *Walker* v. *State*, 318 Ark. 107, 109, 883 S.W.2d 831, 832 (1994), this court declared that

We draw a bright line and hold that a motion for a directed verdict in a criminal case must state the specific ground of the motion. Rule 36.21 of the Arkansas Rules of Criminal Procedure is to be read in alignment with Rule 50 of the Arkansas Rules of Civil Procedure. If a motion for directed verdict is general and does not specify a basis for the motion, it will be insufficient to preserve a specific argument for appellate review.

The holding was reiterated in *Daffron* v. *State*, 318 Ark. 182, 885 S.W.2d 3 (1994), a rape case, where we held that a motion for acquittal "based on the insufficiency of the evidence on the State's case" and a later renewal of "previous motions" constituted a waiver of the right to challenge the sufficiency of the evidence. The moving party must apprise the trial court of the specific basis on which a motion for a directed verdict is made. *Id.*

■ Because Helton failed to provide a specific basis for his directed verdict motion, the trial court did not err in denying it. The sufficiency issue having been waived, we need not consider it on the merits. *Andrews* v. *State*, 305 Ark. 262, 807 S.W.2d 917 (1991).

## II. Rebuttal in sentencing phase

For his second point for reversal, Helton contends that the trial court erred in permitting the State to have rebuttal in the sentencing phase. While the jury was deliberating the question of guilt, the following exchange occurred between defense counsel and the trial court:

MR. HARDIN: If there is a second stage, the defendant will object to the prosecution getting the advantage of a rebuttal argument in the second stage since there is not a burden of proof of beyond a reasonable doubt connected with that stage. It is just a matter of sentencing for the jury and the jury finding, based on the aggravating and mitigating circumstances presented by both sides. Therefore the defense will object to the prosecution getting the added closing advantage.

THE COURT: And the court denies that motion, finding there is always a burden of proof on the moving party. In this case, the State, insofar as the evidence it presents,

is the moving party and does have the burden of convincing the jury of the truth of those allegations at least by a preponderance of the evidence, and the State will therefore have an opening and a rebuttal in its closing argument.

During the sentencing phase, the State elected not to present a rebuttal argument. Consequently, Helton suffered no prejudice and therefore has no basis for reversal with respect to this point. The issue is moot.

### III. Rule 4-3(h)

As this was a case in which the appellant was sentenced to life imprisonment, the record has been thoroughly examined. There are no points preserved for appeal that appear to constitute prejudicial error.

Affirmed.