Patrick HALTIWANGER *v.* STATE of Arkansas

CR 95-837                                                912 S.W.2d 418

Supreme Court of Arkansas
Opinion delivered December 18, 1995

*Maxie G. Kizer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Patrick Haltiwanger was convicted of two counts of aggravated robbery and sentenced to two consecutive terms of imprisonment for 30 years resulting from the robberies of two convenience stores. He contends the evidence

was insufficient. He also contends the Trial Court erred in refusing to allow him to introduce in evidence video tapes portraying robberies by others of convenience stores to show that some other person was committing robberies in a manner similar to the ones charged against him and that person might have committed the offenses with which he was charged. Neither point has been preserved for appeal. The motion for a directed verdict was not sufficiently specific, and the video tapes were not proffered. We affirm the conviction.

On June 10, 1994, at approximately 9:50 p.m., a man entered the Shell Git-N-Go in Pine Bluff, pulled a pistol, and told the Clerk, John Ridgeway, "Give me the money. Give me the money now." Mr. Ridgeway opened the cash register and told the robber, "There it is. Take what you want." The man took the money and left.

Just after midnight on June 11, 1994, a man entered the Jr. Food Mart on Cherry Street in Pine Bluff and asked the cashier, Larry Woodcock, for a pack of cigarettes. After Mr. Woodcock got the cigarettes, the man pulled a pistol and said "Give me all the money." Mr. Woodcock complied with the request, and the robber said "Give me more." Mr. Woodcock gave the robber a box of food stamps and checks,·and the robber left.

Mr. Ridgeway and Mr. Woodcock viewed a photographic lineup. Mr. Ridgeway identified Mr. Haltiwanger from the photos. Mr. Woodcock was not able, at that time, to identify Mr. Haltiwanger. Mr. Haltiwanger was arrested. Then Ricky Shine, a patron at the store where Mr. Woodcock worked, who had been present when the robbery occurred, was shown the photographic lineup and identified Mr. Haltiwanger as the robber of the Jr. Food Mart.

Prior to trial, Mr. Haltiwanger moved to admit video tapes showing similar robberies of other convenience stores which occurred after his arrest and during his incarceration. The Trial Court denied the motion on the ground that the videotapes were irrelevant.

At trial, Mr. Ridgeway stated he was less than four feet from the perpetrator during the crime, the lighting was bright, and he was face-to-face with the perpetrator for two to four minutes. He then identified Mr. Haltiwanger as the man who had robbed the

Git-N-Go. Mr. Woodcock testified that, based on his recollection from the crime, he recognized Mr. Haltiwanger as the man who had robbed the Jr. Food Mart. According to Mr. Woodcock, he could clearly see the perpetrator's face for about 30 seconds. Mr. Shine stated he was popping popcorn in the store when the robbery occurred and that Mr. Haltiwanger came in, pulled a gun, and demanded money. He testified he had known Mr. Haltiwanger for four years prior to the robbery.

At the close of the State's case, counsel for Mr. Haltiwanger approached the bench and said "I'd like to have the appropriate opportunity to let [the] record reflect that I made a motion for directed verdict." The Court denied the motion. At the close of all the evidence and outside the hearing of the jury the Court said, "I need the record to reflect that the Defendant did at the close of the State's case move the court for a directed verdict which the court denied. The motion was again renewed at the conclusion of the Defendant's case. Both those motions were made at a side-bar conference, and they are now being put on the record and outside the hearing of the jury."

The jury was then instructed and returned a verdict of guilty on each count.

### 1. Sufficiency of the evidence

■ The sufficiency of the evidence is challenged by a motion for directed verdict. *Stewart v. State*, 320 Ark. 75, 894 S.W.2d 930 (1995); *Evans v. State*, 317 Ark. 449, 878 S.W.2d 409 (1994); *Glick v. State*, 275 Ark. 34, 627 S.W.2d 14 (1982). A challenge to the sufficiency of the evidence requires the moving party to apprise the Trial Court of the specific basis on which the motion is made. *Stewart v. State, supra; Goins v. State*, 318 Ark. 689, 890 S.W.2d 602 (1995); *Daffron v. State*, 318 Ark. 182, 885 S.W.2d 3 (1994); *Walker v. State*, 318 Ark. 107, 883 S.W.2d 831 (1994). Neither in the original motion nor in the evidence that it was renewed is there any indication that any specific deficiency in the evidence was called to the Trial Court's attention. We decline to consider the point further.

### 2. The video tapes

Mr. Haltiwanger contends the Trial Court should have allowed him to present the videotapes because they tended to

prove another person committed the crimes of which he was accused. No proffer of the tapes was made.

■■ To challenge a ruling excluding evidence, an appellant must proffer the excluded evidence so we can review the Trial Court's decision, unless the substance of the evidence is apparent from the context. A.R.E. Rule 103(a)(2); *Bowen* v. *State*, 322 Ark. 483, 911 S.W.2d 555 (1995); *Wade* v. *Grace*, 321 Ark. 482, 902 S.W.2d 785 (1995); *Davis* v. *State*, 319 Ark. 460, 892 S.W.2d 472 (1995); *Cupples* v. *State*, 318 Ark. 28, 883 S.W.2d 458 (1994). We would have to know a good deal more about the video tapes in order to review the Trial Court's determination that they were irrelevant. Absent the proffer, we have no means of determining if prejudice occurred. The failure to proffer evidence so that the appellate court can make that determination precludes review of the issue on appeal. *See Roe* v. *State*, 310 Ark. 490, 837 S.W.2d 474 (1992).

Affirmed.