Daniel John GRAY *v.* STATE of Arkansas

CR 96–341                                     937 S.W.2d 639

Supreme Court of Arkansas
Opinion delivered January 27, 1997

*Phillip A. Moon*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant Daniel John Gray was convicted and sentenced to the Arkansas Department of Correction for two life terms, one for each rape count, and ten years for one count of possessing visual or print medium depicting sexually explicit conduct involving a child, terms to run consecutively, in addition to a $10,000 fine. On appeal, Mr. Gray claims that the trial court erred in denying his pretrial severance motion and two motions for mistrial. He also challenges the sufficiency of the evidence to convict him of the rape of his biological daughter, C.H. . We affirm the trial court on each of these issues.

Mr. Gray was convicted of raping both C.H., his biological daughter, and S.S., with whom Gray began his sexual activity while he was living with S.S.'s mother. These activities commenced when S.S. was seven years old and continued until she was eleven. When Gray and S.S.'s mother ended their relationship, he moved in with C.H.'s mother. C.H. was nine at the time Gray began his sexual advances toward her, which culminated in rape by deviate sexual activity. Both girls testified that his sexual advances with them began as fondling and then progressed to rape. In both cases, Gray lived with the victims' mothers, in the same houses with the child victims, and had parental control over them. Gray claims it was error for the trial court to deny his motion to sever the two rape charges because there was a break of three months between them. We find this claim is procedurally barred.

■ Although Gray filed a pretrial motion on the issue, it was denied by the trial court, and Gray did not renew the motion or raise the issue again until this appeal. In *Rockett v. State*, 319 Ark. 335, 891 S.W.2d 366 (1995), this court determined that the defendant's failure to renew a severance motion before or at the close of all the evidence constitutes a waiver of the issue, even though the defendant has been denied a pretrial severance motion. *Id.* at 342-43, 891 S.W.2d at 370 (citing Ark. R. Crim. P. 22.1(b)).

■ Gray does not claim he renewed his motion, and a review of the record reflects that he failed to renew his severance motion at any point during the trial. Gray's failure to renew the severance motion resulted in the waiver of this issue; therefore, we do not consider this issue on appeal.

Gray next argues that the State's repeated questions regarding photographs and video tape involving persons other than the victims amounted cumulatively to prejudice requiring reversal in light of the fact that the trial court granted pretrial exclusion of this evidence through a motion in limine.

■ A mistrial is an exceptional remedy to be used only when possible prejudice cannot be removed by an admonition to the jury. *Holbird v. State*, 299 Ark. 551, 552, 775 S.W.2d 893, 893 (1989). This court has stated that failure to give an admonition to the jury does not constitute prejudicial error where the instruction or admonition was not requested below. *Brown v. State*, 316 Ark. 724, 728, 875 S.W.2d 828, 831 (1994). Even if the State's questioning regarding this evidence was inappropriate, not every such act warrants the declaration of a mistrial. *Porter v. State*, 308 Ark. 137, 147, 823 S.W.2d 846, 851 (1992). On appeal, this court will not disturb the denial of a mistrial absent evidence of abuse of discretion by the trial court. *Davis v. State*, 325 Ark. 96, 108, 925 S.W.2d 768, 775 (1996).

■ On appeal, Gray complains that the trial court failed to grant a mistrial or even to give an admonition to the jury. From our review of the record, Gray neither requested the trial court's admonition nor sought any sort of curative instruction to the jury in any instance. Since a mistrial is an "exceptional remedy" used only when the prejudice cannot be removed by a jury admonition,

this court declines to find that the trial court abused its discretion in refusing to grant a mistrial.

In his last point of appeal, Gray maintains that the State's evidence was insufficient to convict him of raping his nine-year-old biological daughter, C.H., because her mother testified that C.H. showed no fear of Gray nor did she complain of any wrongful conduct or advances by him. Gray also claims that the medical testimony was inadequate to show that C.H. had been raped.

■ Although Gray made a motion for a directed verdict both at the close of the State's case and at the close of all evidence, his motion was that the State failed to make a prima facie case. We require that a motion for a directed verdict apprise the trial court of the specific basis challenging the sufficiency of the evidence. *Campbell v. State*, 319 Ark. 332, 333, 891 S.W.2d 55, 56 (1995). Also, if an appellant is arguing that the statutory elements of his crime were not proved, he must provide the trial court with more than a general motion for a directed verdict. *Stewart v. State*, 320 Ark. 75, 77, 894 S.W.2d 930, 932 (1995); *Webb v. State*, 327 Ark. 51, 938 S.W.2d 806 (1997), slip op. at 9-10. Because Gray failed to provide more than a general motion for a directed verdict, this issue has not been adequately preserved for our review.

We find no merit in Gray's assignments of error and the trial court is affirmed. We have also reviewed the record for prejudicial error pursuant to Ark. Sup. Ct. R. 4-3(h), which requires that we examine the transcript in cases involving a sentence to death, life imprisonment, or life without parole and find no such error.

Affirmed.

CORBIN, J., not participating.