## IN RE: BAR OF ARKANSAS LICENSE FEES

878 S.W.2d 409

Supreme Court of Arkansas
Delivered July 11, 1994

PER CURIAM. Five-year projections of the operational requirements of the Bar of Arkansas indicate the need for an increase in license fees. Therefore, beginning January 1, 1995, the annual license fee for the Bar of Arkansas shall be $100.00 for lawyers who have been licensed for three or more years. The annual fee for new enrollees who have been licensed for less than three years shall be $75.00.

Lawyers who are sixty-five years of age or older on or before January 1 of the year for which license fees are payable may pay at the reduced annual rate of $10.00 by certifying that their earnings do not exceed the amount that would prevent a person of their age from drawing the maximum Social Security benefits.

The Arkansas Bar Association, through its house of delegates, and individual members of the Bar of Arkansas, have recommended that this Court consider increasing its annual fees sufficiently to provide adequate funding for staff and the operations of our various committees. Further, it has been recommended that such funds be increased to the extent that they provide necessary services.

Our boards and committees have asked this Court to take steps to improve their ability to carry out what they perceive to be their responsibilities. In order to do so, it is necessary that we acquire sufficient administrative fundings to provide appropriate staff and funds for general administrative expenses to accomplish these entities' assigned tasks.

An increase in fees has been under consideration for some time because of a need for additional funding of our Committee on Professional Conduct, the Unauthorized Practice of Law Committee, and the Office of Court Programs. In addition, it is necessary to expand the availability of the Supreme Court Client Security Fund's monies.

More particularly, because of the increase in applications filed with the State Board of Law Examiners and complaints filed with the Supreme Court Committee on Professional Conduct and the Supreme Court Committee on the Unauthorized Practice of Law, all three committees are unable to investigate adequately the submitted petitions or complaints. It is, therefore, imperative for these bodies to hire more investigative assistants.

The increase in the work required of these committees has led to a greater burden on the appointed lawyers who are being asked to provide large amounts of uncompensated time to maintain the work of the Court. While we support and encourage *pro bono* service by the profession, we recognize the need at least to provide reasonable defrayment of the expenses of attorneys who accept appointment to Supreme Court boards and committees.

We also note that the special increase in payments by the Client Security Fund Committee has led to payments exceeding income this year, even though this Court recently increased the amount of license fees dedicated to the fund.

For these reasons, this new schedule of annual fees shall become effective on January 1, 1995. Lawyers are responsible for notifying the Clerk of the Supreme Court of changes of address on or before November 1, 1994, to ensure the correct mailing of notices for the 1995 annual license fees.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. I agree that license fees should be increased to $75 but I disagree that they should be doubled to $100 without more justification. Our history of increases in license fees is as follows:

From 1955-1971, fees were $2.00.

From 1972-1973, fees were $17.00. *See* Per Curiam, 251 Ark. 800 (1972).

From 1974-1980, fees were $17.00. Effective in 1974, $2.00 of the $17.00 was credited to the Client Security Fund. *See* Per Curiam, 254 Ark. 1075 (1973).

From 1981-1984, fees were $20.00. *See* Per Curiam, 270 Ark. 1020 (1980).

From 1985-1987, fees were $25.00. *See* Per Curiam, 284 Ark. 580 (1984).

From 1988 to the present, fees have been $50.00. *See* Per Curiam, 294 Ark. 663 (1987).

For the last two years we have experienced deficits in our budget and have used our reserves to make up the difference. By the end of the 1993-94 fiscal year, we will still have reserves exceeding $130,000.

The justification for an increase in license fees is an arbitrary, across-the-board 5% annual increase in the cost of programs, compounded over the next 5 years. The increase is not tied to specific staff positions or new or expanded programs. Rather, the per curiam talks of a general need for additional funding for our various committees. At this point we have not quantified what that "need" is. We certainly do not have a pending proposal before us for additional "investigative assistants" or any other staff positions. Because this information is not available, the per curiam justifies the increase based on a percentage increase in total costs. Using the 5% compounded increase, the projection is that our expenses will soar from $510,446 in 1993-94 to $660,007 in 1998-99, for almost a 30% increase.

Raising license fees to $75 would meet even the 5% projection in costs until 1996-97 when a deficit of $2,266 will first be realized. But doubling the amount of the license fees seems imprudent at this juncture. My preference is to increase the fees to $75 and then assess where we are in three years. Certainly our reserves of $130,000 are sufficient to handle any contingencies. Otherwise, we run the risk of putting the cart before the horse, that is, doubling the fees and then finding staff positions to fill and programs to fund or expand. I prefer having identified staff positions and programs before us with estimated dollar amounts before committing to such a significant increase.

For these reasons I would assess $75 as license fees for all lawyers, commencing January 1, 1995.