## IN RE: RULES GOVERNING ADMISSION TO THE BAR; RULES FOR MINIMUM CONTINUING LEGAL EDUCATION; AND, REGULATIONS of THE ARKANSAS CONTINUING LEGAL EDUCATION BOARD

Supreme Court of Arkansas
Opinion delivered June 1, 2006

P ER CURIAM. We have various sets of rules or regulations affecting the annual lawyer license fee and the practice status of attorneys. As each of these provisions has been adopted or changed over the years, inconsistency has developed. By way of example, the Rules for Minimum Continuing Legal Education have an "inactive" status, while the Procedures of the Supreme Court Regulating Professional Conduct of Attorneys speak in terms of "voluntary inactive" status, and the IOLTA compliance statement inquires as to whether an attorney is engaged in the "practice of law". These various categories affect an attorney's license fee and CLE requirements and should be made consistent. For this reason, we adopt amendments to these rules, regulations or procedures as set forth in the following paragraphs.

The amendments noted below are effective January 1, 2007. A copy of each of the current rules or regulations, with deletions or additions highlighted, follows this per curiam order.

### RULES GOVERNING ADMISSION TO THE BAR OF ARKANSAS

We amend Rule VII. A. of the Rules Governing Admission to the Bar of Arkansas to read as follows:

A. LICENSE FEE. An annual license fee as set by the Court, from time to time, shall be imposed upon each attorney actively licensed to practice law in this State. The fee shall be paid annually to the Clerk of the Arkansas Supreme Court. The amount shall be payable January 1 of each year, and must be paid not later than March 1 of each year. Funds thus realized shall be used as ordered by the Supreme Court of the State of Arkansas.

Attorneys licensed in this State who have transferred to voluntary inactive status pursuant to Section 25 A.(7) of the Procedures of the Arkansas Supreme Court Regulating Profes-

sional Conduct of Attorneys at Law, or its' successor provision, shall pay fifty percent (50%) of the fee required of actively licensed attorneys.

## RULES FOR MINIMUM CONTINUING LEGAL EDUCATION

We amend Rule 2.(D) of the Arkansas Rules for Minimum Continuing Legal Education (CLE) to read as follows:

2.(D) Inactive Status:

(1) At anytime during a reporting period, an attorney on active status, with the exception of sitting judges, may take inactive status for the purpose of these rules. Such status may be secured by filing a petition in accord with Section 25 A.(7) of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law (Procedures) or its' successor provision. By taking inactive status, the attorney shall be exempt from the minimum educational requirements of rule 3 for that reporting period and subsequent reporting periods.

(2) An attorney may return to active practice by petition filed as set forth in Section 23 of the Procedures or its' successor provision.

(3) Attorneys who return to active practice in accord with the preceding paragraph shall obtain thirty-six (36) hours of approved continuing legal education between the date of return to active status and the end of the next succeeding reporting period. The date of return to active status will be the date upon which the order granting return to active status is filed with the Clerk of the Supreme Court of Arkansas. Twelve (12) of the thirty-six (36) hours shall be in a basic skills course, or bar examination review course, either of which must be approved by the Board.

## REGULATIONS OF THE ARKANSAS CONTINUING LEGAL EDUCATION BOARD

As set forth in the preceding section, election of inactive status for CLE purposes will now be administered through the Procedures Regulating the Professional Conduct of Attorneys At Law. Thus, the current Regulation 2.02 (1), which governs the reinstatement fee, is no longer necessary. We delete Regulation 2.02 (1) from the Regulations of the Arkansas Continuing Legal Education Board.

## LICENSE FEE FOR SENIOR MEMBERS OF THE BAR

Consonant with Rule VII. A. of the Rules Governing Admission to the Bar of Arkansas, in recent years we have issued several per curiam orders pertaining to the amount of the annual license fee. See: *In Re Bar of Arkansas License Fee*, 317 Ark Appendix 686, 878 S.W.2nd 409 (1994); *In Re Bar of Arkansas License Fees*, a per curiam order entered November 1, 2001; and, *In Re: Penalty for Late Payment of Bar of Arkansas Dues*, a per curiam order delivered on November 21, 2002. In each of those orders, we have made a provision for a reduced fee for attorneys who are 65 years of age or older. The first of those per curiam orders, issued in 1994, required attorneys seeking the reduced fee to "certify that their earnings do not exceed the amount that would prevent a person of their age from drawing the maximum social security benefits". The most recent two per curiam orders do not contain that language. Beginning with the annual license fees due January 1, 2007, attorneys shall be entitled to the reduced annual license fee if they are age 65 or older and they certify that their primary source of income does not derive from the practice of law. The reduced fee shall be in the amount set in the per curiam orders of November 1, 2001 and November 21, 2002.

## IOLTA

Section 1.15(11) of the Model Rules of Professional Conduct governs the IOLTA compliance statement attorneys must sign each year when they pay their annual license fee. The content of that compliance statement shall be in a "manner designated by the Clerk of the Supreme Court". The Court is informed that the Clerk, in cooperation with the Board of the Arkansas IOLTA program, will be modifying that compliance statement to be consistent with the changes set out above.

Deletions are "stricken through"; additions are in **bold**.

Rules Governing Admission to the Bar

Rule VII

A. LICENSE FEE. An annual license fee as set by the court, from time to time, shall be imposed upon each attorney actively licensed to practice law in this State. ~~An annual license fee in an~~

~~amount equal to fifty per centum (50%) of the fee required of an actively licensed attorney is hereby imposed upon each attorney licensed in this State who has transferred to voluntary inactive status pursuant to Section 25 A.(7) of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law or its successor provision.~~ The fee shall be paid annually to the Clerk of the Arkansas Supreme Court. The amount shall be payable January 1 of each year, and must be paid not later than March 1 of each year. Funds thus realized shall be used as ordered by the Supreme Court of the State of Arkansas.

**Attorneys licensed in this State who have transferred to voluntary inactive status pursuant to Section 25 A.(7) of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law, or its successor provision, shall pay fifty percent (50%) of the fee required of actively licensed attorneys.**

## CLE Rules

Rule 2.(D) Inactive Status

(1) At anytime during a reporting period, an attorney on active status, with the exception of sitting judges, may take inactive status pursuant to these rules. **Such status may be secured by filing a petition in accord with Section 25 A.(7) of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law (Procedures) or its successor provision.** ~~Inactive status, for the purpose of these rules only, means that an attorney, subsequent to declaration of inactive status, will not engage in the practice of law during the remainder of that reporting period or subsequent reporting periods. Election of inactive status must be in writing.~~ By taking inactive status, the attorney shall be exempt from the minimum educational requirements of Rule 3 for that reporting period and subsequent reporting periods.

(2) ~~If, during any reporting period, an attorney who has previously declared inactive returns to the practice of law, the attorney must immediately so advise the Board. Such attorney, who is returning to active status, shall be subject to a reinstatement fee, to be set by the Board, in an amount not to exceed $250.00. The attorney will receive no educational credits for courses taken before the rein-~~

~~statement fee has been paid. Provided that the attorney returning to active practice notifies the Board and pays the reinstatement fee, then qualified continuing legal education credits may be applied pursuant to paragraph 2.(D)(3) below.~~

**An attorney may return to active practice by petition filed as set forth in Section 23 of the Procedures or its successor provision.**

(3) ~~Such attorneys shall be required to obtain thirty-six (36) hours of qualified continuing legal education between the date of return to active status (which is the date the reinstatement fee is received by the Board) and the end of the next succeeding reporting period. Twelve (12) of those hours will be a basic skills course, or bar examination review course, either of which must be approved by the Board~~

**Attorneys who return to active practice in accord with the preceding paragraph shall obtain thirty-six (36) hours of approved continuing legal education between the date of return to active status and the end of the next succeeding reporting period. The date of return to active status will be the date upon which the order granting return to active status is filed with the Clerk of the Supreme Court of Arkansas. Twelve (12) of the thirty-six (36) hours shall be in a basic skills course, or bar examination review course, either of which must be approved by the Board.**

CLE Regulations

2.02 Inactive Status

(1) Reinstatement Fee

~~The reinstatement fee, pursuant to Rule 2.(D)(2), shall be FIFTY DOLLARS ($50.00). The Board, in its discretion, may waive this fee under extraordinary circumstances.~~